CLARISSA WREN *v.* WILLIAM S. MOSS *et al.*

*Motion for a Writ of Error, and Scire Facias.*

A husband filed his bill for a divorce from his wife, a divorce was decreed, and the question of alimony continued to the next term of the Court. Before the next term the husband died, and upon motion of the defendant's counsel the suit was abated so far as the alimony was concerned. A motion was made in the Supreme Court for a writ of *scire facias* to his executor, and for a writ of error, &c., and the motion was allowed.

AQUILLA WREN, now deceased, in his lifetime, filed in the Peoria Circuit Court, a bill for a divorce from his wife, the plaintiff in this motion, and obtained a decree *a vinculo,* at the May term 1844, the Hon. John D. Caton presiding. The question of alimony was continued until the next term of the Court, and exceptions were duly taken to the opinion of the Court refusing a motion for a new trial.

Subsequent to the rendition of the decree, and before any further action upon the question of alimony was had, the said Aquilla Wren died, and on motion of the counsel of Clarissa Wren, the suit was abated as to alimony. Prior to his death he made his last will and testament, by which he bequeathed unto the daughters of Sarah Bobo two hundred dollars each, and the balance of his personal estate to Thomas Wren, who was also the devisee of his real estate. William S. Moss was named as executor. The said Moss and Smith Frye, during the coverture, purchased certain real estate of said Aquilla Wren, to which his wife had not relinquished her dower.

Upon the foregoing facts, supported by affidavit, and upon filing the record of the divorce case, E. N. Powell Esq., in behalf of Clarissa Wren, moved for a writ of *scire facias* against the executor, and for a writ of error, so as to revise the decree of divorce. Smith Frye, Thomas Wren, Nancy Bobo, Letitia Bobo, and the unknown daughters of Sarah Bobo, were also made parties defendant in the case.

*E. N. Powell*, in support of the motion, cited 2 Bac. Abr. 456, 460, 463, title *Error*, B. and D.; Graham's Prac. 940; *Barr* v. *Stevens*, 1 Bibb. 292; *Porter* v. *Rummery*, 10 Mass. 64; 6 Comyn's Dig. *Pleader* (3 B 10.) 447; 3 Mod. 274.

He insisted, that by reason of the decree of divorce, and the death of the husband, pending the question of alimony, she cannot recover dower in his estate; and if she cannot revive the suit by making the executor, the heirs, or the devisees parties, she will lose all claim of maintenance out of his estate.

*N. H. Purple*, and *O. Peters*, resisted the motion, insisting that the question, and controversy pending in the Court below, was one of divorce *a vinculo*, and does not survive to the wife, against either executors, administrators, heirs or devisees, by analogy to the principle, that *actio personalis, moritur cum persona*.

*A. Lincoln*, in conclusion and in support of the motion, contended that a question of property, the right of dower or

alimony is involved, as the decree *a vinculo* bars her dower, and by abating the suit as to the pending motion, she is cut off from alimony ; therefore the action survives on account of the nature of the interests involved.

PER CURIAM. The motion is allowed, with an order of publication of notice to the non-resident defendants.

*Motion allowed.*