CLARISSA WREN, plaintiff in error, *v.* WILLIAM S. MOSS *et al.*, defendants in error.

### *Error to Peoria.*

A husband filed his bill for a divorce from his wife, a divorce was decreed, and the question of alimony continued to the next term of the Court. Before the next term, the husband died, and, upon motion of the defendant's counsel, the suit was abated so far as the alimony was concerned. The wife subsequently filed a transcript of the record in the Supreme Court, and a motion, founded on affidavit, was entered by her counsel for a writ of error. It was stated in the affidavit, that the husband left by will all his property, after paying his debts, to certain persons, naming them; that an executor was appointed. and took upon himself the office; that two individuals had purchased lands of the husband, in which the wife had not relinquished her right of dower. The writ was issued making all these persons parties defendant. At the next term of the Supreme Court, application was made for a rule upon the defendants to join in error, which application was resisted, on the ground that a writ of error did not lie in the case. *Held,* that the plaintiff in error was entitled to the writ, and that the proper persons were made parties defendant by reason of their interest, and that the motion should be allowed.

The general rule at law is, that the writ of error does not lie against any but him who is party, or privy to the first judgment, his heirs, executors, or administrators.

Under the statute, a writ of error may be brought on a decree in chancery.

MOTION to require the defendants in error to join in error. At the ast term of this Court, the plaintiff in error filed a record in a case in chancery in which Aquilla Wren was complainant, and Clarissa Wren defendant. The bill was for a divorce for the misconduct of the wife, and a decree of divorce *a vinculo* rendered. A motion was made by the defendant for a new trial, which motion was overruled, and exceptions taken.

After the rendition of the decree, Aquilla Wren died. Before his death he made a will, devising two hundred dollars to each of the daughters of his sister, Sarah Bobo, and the remainder of his real and personal property to his brother, Thomas Wren. Prior to the death of said Wren, and before the decree of divorce, he, said Aquilla Wren, sold certain land to William S. Moss and Smith Frye, in which his wife,

Wren *v.* Moss *et al.*

the said Clarissa Wren, had not relinquished her dower. These facts appeared by affidavits filed in this Court.

At the last term of this Court, the plaintiff in error filed the record, and obtained a *scire facias* and order of publication against the defendants, to make them parties to the writ of error. The plaintiff in error, at the present term, moved for a rule on the defendants to join in error, which motion was resisted by the defendants.

*E. N. Powell*, for the plaintiff in error.

A writ of error is a common law right, and lies in favor of a party who has been aggrieved by an error in the proceedings or judgment of an inferior Court. 2 Bac. Abr. *"Error,"* 448.

The writ of error must make all parties, who were parties to the judgment, or if they be dead, then their executors or administrators. If the subject of suit shall concern land, and the party, in whose favor the judgment or decree is rendered, be dead, then it must be brought against those that may be interested in the subject matter. Graham's Pr. 940; *Barr* v. *Stevens*, 1 Bibb, 292; *Porter* v. *Rummery*, 10 Mass. 64; 6 Comyn's Dig. *"Pleader"* (3 B. 10,) 447; 3 Mad. 274; *Carr* v. *Callaghan*, 3 Littell, 377; 2 Bac. Abr. 456, 460, 463.

By the twelfth section of the Act concerning Dower, (Rev. Stat. 199,) the wife, if divorced for her fault or misconduct, loses her dower. Consequently the devisees and the purchasers are interested, and should be made parties. If the decree be reversed, then she has a right to dower.

*H. O. Merriman*, for the defendants in error, cited 2 Tidd's Pr. 1135; 2 Bac. Abr. 363; *Green* v. *Watkins*, 5 Peters' Cond. R. 87; 1 Smith's Ch. Pr. 513.

*J. B. Thomas* followed on the same side.

A writ of error is a writ of right in any person aggrieved, or whose interests are affected by the decree. But what is the decree, in this case. It is a decree *a vinculo*, which is

personal to the parties, and that decree has been affirmed by a higher power—by the death of one of parties to the decree.

But suppose this cause to be remanded, could the Circuit Court act in the case? Certainly not. Greater injustice would result to the heirs of Wren by a reversal, than by a refusal of this Court to open the case. See Gale's Stat. 252.

*A. Lincoln* concluded the argument on the part of the plaintiff in error.

The Opinion of the Court was delivered by

SCATES, J.*  At the May term of the Peoria Circuit Court, 1844, a decree was made dissolving the marriage contract between Aquilla Wren, complainant, and Clarissa Wren, defendant.  On application of the defendant, for alimony, an interlocutory order was made, directing the Master in Chancery, to inquire into the value of complainant's property and yearly increase of the same, after the payment of his debts, and also the amount necessary for the maintenance of the defendant, and report at the next term, to which the application was continued.

At the October term 1844, the defendant below, the plaintiff in error, filed an affidavit of the death of complainant since the last term of the Court; and on her motion, it was ordered that so far as said suit was then pending, it do abate.

At the December term 1844, of this Court, the said Clarissa Wren filed a transcript of the record in this case; and upon the affidavit of E. N. Powell, who stated that A. Wren left by will, all his property, after paying his debts, to the daughters of Sarah Bobo, viz: Nancy, Letitia, and one whose name is unknown, and Thomas Wren.

The affidavit further stated that William S. Moss was appointed executor, and took upon himself the office—that said Moss and Smith Frye had purchased lands of said A. Wren, in his lifetime, in which said Clarissa had never relinquished

---

* PURPLE, J., having been of counsel in the Court below, did not sit in this case.

her right of dower; and that the daughters of Sarah Bobo reside in Ohio. Her attorney moved the Court for a writ of error against the said William S. Moss, Smith Frye, Thomas Wren, Nancy Bobo, Letitia Bobo and —— Bobo. The writ was issued, and at this term, upon showing service upon the residents, and publication as to the non residents, she now asks a rule upon the defendants to join in error.

This motion is resisted, upon the ground, that no writ of error lies in such a case, because, that by the death of the parties, the suit abates as to the subject matter; and if reversed, it cannot be re-tried. And further, that error does not lie, against those who may be interested, only, in the consequences of a suit, but who have no interest in the subject matter.

The general rule at law is, that the writ of error does not lie against any, but him who, is party, or privy to the first judgment, his heirs, executors, or administrators. 2 Bac. Ab. 456, B. Comyn's Dig. 446, title "*Pleader;*" 1 Bibb, R. 292. Yet, there are exceptions, as, when an action is brought, against A, as a *feme sole,* when she is a *feme covert,* and she pleads issue, as a *feme sole,* and judgment is given against her, and she is taken in execution, she and her husband may bring a writ of error; for otherwise, the husband may be prejudiced in the loss of the society and comfort of his wife, and of her care in his business and family; and he hath no other means to help him. 2 Bac. Abr. 460, B. So, if she be sued with others, he may join with them in error. Ib. 461. B.

In *Carr* v. *Callaghan,* 3 Littell, 377, the Court intimate strongly, that they would so frame a writ of error in a Chancery cause, as to bring all the parties that might be affected by the reversal, before them. For although it is a novel practice, introduced by statute, to bring writs of error on decrees in Chancery, when an appeal would bring up the whole case, yet, it is a practice long indulged. Such has been the practice here. The plaintiff in error complains, that she has been injured by an erroneous decree. If so,

she ought to find a remedy by writ of error. For although, by the death of the complainant, the parties were divorced, and no further proceedings could be had, yet the mode of effecting the same object by a decree, will, if erroneous, unjustly deprive the plaintiff in error of all right in dower, or interest in the personalty. It is plain, therefore, that she may be greatly aggrieved, by the decree, if erroneous. If aggrieved, she ought to find a remedy by appeal or writ of error; and according to our practice, either mode is at the option of the party, where title to realty is involved, or the decree or judgment in other actions is for $20, besides costs. If not for that sum, then error only lies. The latter is the case here. If she cannot bring error, she is remediless. In the subject matter of this suit, viz: the marriage contract, no one, surviving the complainant below, can have an interest, for it is at an end by his death. If no one but the privies in interest in the subject matter of the suit can be made defendants, then no error lies. But the executor of complainant has an interest in the question of costs, upon the reversal of this decree. There is a case reported in 5 Croke, 558, somewhat analagous to this. The demandant recovered her dower and damages, and died. By her death, the estate recovered, ceased; but the defendant was allowed a writ of error against her executor in respect of the damages.

But if the writ was allowed against the executor alone, in this case, the legatees might lose their legacies and bequests in proportion to her dower and thirds, and without a hearing; for the effect of the reversal would be to restore her to her dower and thirds. So it is with purchasers, without relinquishment of dower, being liable to have a claim of dower preferred. Thus all the defendants, summoned as defendants, have an interest in the effects, and consequently of a reversal of this decree. We are, therefore, of opinion that we should frame such a writ on error brought on a decree in Chancery, as will secure the interest of all who may be affected by it, while it affords a remedy to the plaintiff.

Motion for rule to join in error, allowed.

YOUNG, J. dissented: I dissent from the opinion of the majority of the Court, and will, in a few words, state the reasons for that dissent. This was a bill for a divorce on the ground of misconduct in the wife; the decree was complete in the Court below, before the death of the complainant; the application for alimony on the part of the respondent, was afterwards suffered to abate on her own motion, and the suit was at an end. There was nothing decreed in the Circuit Court, but simply the divorce of the parties from the banns of matrimony. This was a matter purely personal to the complainant and respondent, and where no right survives to the representatives of the deceased complainant in respect to the subject matter of the decree. I have not been able to find an adjudged case, where a writ of error has been allowed in a case like this. A writ of error is regarded as of the nature of the commencement of a new suit, and not like an appeal, the continuance of the suit already commenced and prosecuted to judgment in the Court below. The sole question to be litigated here, relates exclusively to the correctness, or otherwise, of the decree granting the divorce; although the rights of others not parties to the original suit may be seriously affected, injuriously or beneficially, according to the decision of this Court upon the writ of error. Ought the respondent, therefore, to be permitted to reverse this decree after the death of the complainant, by prosecuting a writ of error to this Court, under the circumstances? I think not.

*Motion allowed.*