JOSEPH O. CARTER, Administrator of the Estate of HENRI G. McGREW, deceased, *v.* THE MUTUAL LIFE INSURANCE COMPANY of New York.

QUESTIONS RESERVED BY CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JULY 12 1895.    DECIDED AUGUST 15, 1895.

JUDD, C.J., FREAR, J., AND MR. CECIL BROWN, OF THE BAR, IN PLACE OF BICKERTON, J., ABSENT FROM ILLNESS.

A policy of insurance was issued to M., payable upon his death, to "A., wife of M., if living; if not living to his executors, administrators or assigns." M. afterwards obtained in the Circuit Court a decree of divorce from A. for her adultery. A. took exceptions to the decree, but did not get them certified to the Supreme Court. M. subsequently died. Held:

(1) In an action at law by the administrator of M.'s estate on the policy, A. need not be made a party.

(2) The decree of divorce was absolute and is still in effect.

(3) Exceptions to the decree granting the divorce, so far as property rights were involved, might have been taken to and argued and determined in the Supreme Court, notwithstanding the death of the libellant.

(4) The insurance, so far as the construction of the policy is concerned, is payable to A., notwithstanding the fact that she was not M.'s wife at the time of his death; but,

(5) By Civ. Code, Sec. 1331, A.'s interest in the policy passed upon the divorce to M., to the administrator of whose estate the insurance is now payable.

## OPINION OF THE COURT BY FREAR, J.

This is an action on a policy of insurance issued by the defendant company upon the life of Henri G. McGrew for $5000 payable upon his death, to "Alphonsine McGrew, wife of Henri G. McGrew * * * if living, if not living to his executors, administrators or assigns." The company stands ready to pay the money but desires that it be first judicially determined who is entitled to it—whether Alphonsine McGrew or the administrator of the insured. The doubt upon this point is occasioned by the fact that the insured prior to his decease obtained a decree of divorce from his wife on the ground of adultery, the validity and effect of which decree are questioned.

The contract of insurance was entered into in the Hawaiian Islands; the policy is dated September 14, 1892; it was issued to Henri G. McGrew upon his application; he retained possession of it and paid all premiums upon it; he died October 22, 1894; at the time of entering into the contract and until his death he was a subject and resident of and domiciled in, these islands; J. O. Carter is the duly appointed administrator of his estate; all conditions and requirements necessary to be performed or complied with by the decedent or plaintiff have been performed and complied with.

The case was tried in the Circuit Court, First Circuit, jury waived, upon agreed facts, and comes here upon the following

questions reserved by the Circuit Court on motion of both parties:

1.  Is Alphonsine McGrew a necessary party to this case?

2.  Were H. G. McGrew and Alphonsine McGrew divorced; and if so, is the decree of divorce still in effect?

3.  Is the amount due on Henri G. McGrew's insurance payable to J. O. Carter, administrator of the estate of H. G. McGrew?

First, this is not a suit in equity, as by bill of interpleader, but an action at law, and therefore, obviously, not only is it unnecessary, but it would be improper, to make Alphonsine McGrew a party. This is practically conceded by the defendant.

Secondly, it appears by the agreed statement of facts including the record in the divorce case, which is made a part of the agreed statement, that on the 24th of August, 1894, an absolute decree of divorce from the bonds of matrimony was decreed by the Circuit Court, First Circuit, of the Hawaiian Islands, in favor of Henri G. McGrew against his wife, Alphonsine McGrew, for adultery on her part; that on the 27th of the same month it was stipulated that it should not be incumbent upon libellee's counsel to present his bill of exceptions until one week after he had been furnished with a transcript of the evidence; that on the 24th of September following he was furnished with such transcript; that on the 1st of October following he filed a paper purporting to be a bill of exceptions; that on the next day libellant's counsel moved the Supreme Court to set the cause for hearing on the alleged bill of exceptions, but that libellee's counsel objected on the ground that the bill had not been signed or allowed by the Circuit Court, and that the motion was denied on that ground; that Henri G. McGrew died on the 22d of the same month; and that no bill of exceptions was ever allowed by the Circuit Court.

The statute (Comp. L., p. 437) provides that in matters of divorce, "Any party aggrieved by any order or decision of the Circuit Court, may except thereto, and his exceptions shall

be duly noted, and certified to the Supreme Court, and no order or decree for a divorce shall be made absolute until such exceptions shall have been disposed of. Said exceptions shall be argued and determined in the Supreme Court, sitting *in banco,* and if the Court *in banco* shall be of opinion that the order or decision excepted to in said Circuit Court was erroneous, they shall so certify, and thereupon the case shall be heard anew."

It is argued in the first place that the decree of divorce never became absolute because the alleged exceptions were never argued and determined in the Supreme Court.

The practice here in divorce as in other law cases has usually been to enter at once in the Circuit Court an absolute decree or judgment, which is subject to be set aside by the Supreme Court on exceptions. This is what is meant by the provision of the statute that "no order or decree for a divorce shall be made absolute until such exceptions shall have been disposed of." An absolute decree is made at once, but, if excepted to, it may be set aside by the Supreme Court. If not excepted to, it is and remains absolute. This has been the construction placed upon the statute in practice and is in harmony with the more general provisions and the practice thereunder, relating to exceptions in all law cases. Laws of 1892, Ch. 57, Secs. 72-78. The "exceptions" referred to in the statute are "exceptions allowed" or "certified to the Supreme Court." If they were merely exceptions alleged to have been made by counsel, whether allowed or certified or not by the Court, and if no absolute decree could be made until such exceptions were argued and determined in the Supreme Court, it would be in the power of the party against whom a decree of divorce has been made to forever prevent the decree from becoming absolute by merely filing alleged exceptions, perhaps wholly "unconformable to truth," and never following them up, or attempting to have them allowed or certified, but on the con-trary resisting all endeavors on the part of the opposite party to have them disposed of. In this case it appears that no

exceptions have ever been allowed or certified to the Supreme Court, and from all the circumstances, it would seem that the libellee had abandoned her intention, if she ever had any, of getting any exceptions allowed if she could, and having them argued and determined in the Supreme Court.

But it is further argued that the divorce case was abated by the death of Henri G. McGrew and that even if the libellee had desired to take further action on her alleged exceptions, she could not have done so. It seems to us that if the libellee had not for other reasons lost her right to take the case to the Supreme Court on exceptions, she might have done so even after the death of the libellant. Such seems to be the current of authority as to decrees granting divorces in so far as property rights are involved. See *Shafer v. Shafer*, 30 Mich. 163; *Downer v. Howard*, 44 Wis. 82; *Wren v. Moss*, 7 Ill. 72; *Danforth v. Danforth*, 111 Ill., 236; *Thomas v. Thomas*, 57 Md. 504, referred to in 5 Am. & Eng. Enc. 773; *Wilson v. Wilson*, 73 Mich. 620; *Barney v. Barney*, 14 Ia. 189; *Kimball v. Kimball*, 44 N. H. 122.

Thirdly, assuming, then, that the parties were divorced, who is entitled to the insurance? It is argued that since it is payable to "Alphonsine McGrew, wife of Henri G. McGrew," payment to her is conditioned upon her being his wife at the time of his death, and that since a divorce had taken place she was not then his wife. No such condition can fairly be implied from the words of the policy. The insurance is payable to the person named "Alphonsine McGrew," and the only condition annexed to the payment to her is that she shall be living at the time of the death of the insured. The words are "if living." The words "wife of Henri G. McGrew" are words merely of description, not of condition. What provision the insured might have made, had he contemplated the possibility of a divorce is not for us to say or to give effect to. The policy must be construed as it is. That the word "wife" as here used is merely descriptive, and that the insurable interest of the beneficiary need not continue,

or that there need not even be an insurable interest in the first place, the insurance having been effected by the insured and not by the beneficiary, see *Conn. &c., Co. v. Schaefer,* 94 U. S. 457; *Vivar v. Knights of Pythias,* 52 N. J. Eq. 455; *McKee v. The Phoenix &c., Co.* 28 Mo. 383; *Overbeck v. Overbeck,* 155 Pa. St. 5.

But it is provided by statute (Civ. Code, Sec. 1331) that "when a divorce is decreed for the adultery or other offense amounting thereto, of the wife, the husband shall hold her personal estate forever." By this statute, the interest of Alphonsine McGrew under this policy passed upon the divorce to her husband, and the insurance is now payable to the administrator of his estate. The policy and her interest under it were personal estate, and, the contract having been entered into in these islands, the divorce having been granted here, and the parties having been domiciled here, the beneficiary must be determined by the laws of these islands.

The first question reserved must be answered in the negative, the other two questions in the affirmative, and the case is remanded to the Circuit Court for such further proceedings as may be proper.

*Carter & Kinney,* for plaintiff.

*W. R. Castle,* for defendant.