## Wagner v. Wagner's Admtrx., et al.

(Decided June 18, 1920.)

### Appeal from Campbell Circuit Court.

1. Divorce—Proceedings—Review.—While the Court of Appeals has no power to reverse a decree of divorce, it may nevertheless consider the evidence and determine whether or not alimony was properly awarded or refused to the wife.

2. Divorce—Alimony — Proceedings — Review—Jurisdiction to Review Question of Alimony as Affected by Husband's Death, Pending Appeal From a Decree Granting an Absolute Divorce but Denying Alimony.—The death of the husband, pending an appeal from a judgment granting the wife an absolute divorce but denying her alimony, does not deprive the Court of Appeals of jurisdiction to determine whether alimony was improperly refused, and to award alimony if such is found to be the case.

3. Divorce—Alimony—Attorney Fees.—In a wife's action for divorce and alimony, evidence considered and held that the wife should have been awarded alimony in the sum of $15,000.00, and that her attorneys should have been allowed a fee of $1,000.00 instead of $500.00, to be taxed as costs.

BRENT SPENCE and LOUIS B. SAWYER for appellant.

FRANK V. BENTON for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Josephine Wagner brought suit against her husband, Clarence Wagner, for divorce and alimony. A divorce was granted but alimony was denied. Plaintiff was granted an appeal. A few weeks after the judgment was rendered, the defendant died, and the cause has been revived in the name of his administratrix.

At the outset it is insisted that plaintiff's right to alimony abated with her husband's death, and that this court is without jurisdiction to review the judgment denying alimony, in view of the fact that alimony cannot be now awarded against the husband's estate. We have frequently ruled that while we have no power to reverse a decree of divorce, we may nevertheless consider the evidence and determine whether or not alimony was properly awarded or refused. Burton v. Burton, 184 Ky. 268, 211 S. W. 869; Benedict v. Benedict, 165 Ky. 499, 177 S. W. 245; Pope v. Pope, 161 Ky. 104, 170 S. W. 504. It therefore follows that we have jurisdic-

tion in this case unless we are deprived of jurisdiction by the husband's death. It may be conceded that at common law a claim for alimony could not be availably asserted after the death of the husband, unless it had been previously ascertained and fixed by the decree of a court of competent jurisdiction. Gaines v. Gaines, 9 B. Mon. 295, 48 Am. Dec. 425; Martin v. Thison (Mich.), 116 N. W. 1013, 18 L. R. A. (N. S.) 257; Coffman v. Finney, 65 Ohio St. 61, 61 N. E. 155, 55 L. R. A. 794. The reason for the rule was that alimony at common law was a provision for the maintenance of the wife during her separation from her husband, and grew out of the husband's duty of support, and as this duty terminated with his death, the right to alimony also ceased. At that time the ecclesiastical courts would not grant an absolute divorce, but only a divorce *a mensa et thoro,* which still preserved the marriage relation, and did not deprive the wife of her dower rights. That being true, there was no longer any necessity for the allowance of alimony after the husband's death, for his widow then became entitled to dower and her distributive share of his personal property. 1 R. C. L. p. 867; Taylor v. Taylor, 93 N. C. 418, 53 Am. Rep. 460. But this is not a case of a divorce from bed and board, entitling the wife, upon a proper showing, to alimony only during the lifetime of her husband, and leaving intact her other rights in his property, but is a case of absolute divorce which deprived her of her dower and distributive share in her husband's estate. In such a case the obligation to pay alimony is something more than a mere personal obligation on the part of the husband, since, under the statute, the court may award the wife such allowance out of the estate of her husband as shall be deemed equitable, and such allowance may be collected by execution. Section 2122, Kentucky Statutes; Tyler v. Tyler, 99 Ky. 31, 34 S. W. 898. Here, the wife's right to alimony, if she was entitled thereto, became fixed prior to her husband's death, and since this right carried with it the further right to have an allowance made out of his estate, there is no reason why the death of the husband pending the appeal should deprive this court of jurisdiction to determine whether alimony was improperly refused, and to award alimony if such is found to be the case. A contrary view would be manifestly unjust. An erroneous decree granting the wife a divorce but deny-

ing her alimony, followed by the death of her husband, would deprive the wife of all interest of every kind in her husband's estate without an opportunity to have the decree reviewed. We therefore conclude that the death of the husband does not deprive us of the right to review the decree, and to award alimony if alimony was improperly refused.

An extended review of the facts would serve no useful purpose. In our opinion the evidence fully sustains the grounds relied on by plaintiff. On the other hand, the evidence fails to show that she was guilty of adultery or other misconduct sufficient to deprive her of all right to alimony. True, her conduct in certain respects was highly indiscreet, but we are persuaded that it was due to her husband's neglect and mistreatment, which destroyed the marriage relation and caused her to seek sympathy and companionship elsewhere, rather than to any moral delinquency on her part. Taking into consideration their station in life, the fact that plaintiff had no property while her husband was possessed of a large estate, and the further fact that she was not altogether free from fault, we conclude that she should have been awarded alimony in the sum of $15,000.00 and her attorneys should have been allowed a fee of $1,000.00 instead of $500.00 to be taxed as costs.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.

Whole court sitting.