LAURA B. PRICE v. EDWIN C. PRICE.

153 So. 904.

Opinion Filed March 9, 1934.

234

*John M. Allison* and *Sam Bucklew,* for Appellant;
. *Phillips & Thompson,* for Appellee.

DAVIS, C. J.—On October 26, 1932, one Edwin C. Price. filed suit against his wife, Laura B. Price, the object being divorce. No property rights were mentioned or involved directly in the bill of complaint. On November 7, 1932, answer to the bill was filed. The answer of the defendant .wife, after denying *seriatim* the allegations of the bill of complaint, set up the fact complainant was a man of great wealth and that he was indebted to her in the sum of $10,-000.00 which she alleged had been loaned by her to her husband. Upon a trial of the issues the Chancellor found in the husband's favor and on December 19, 1932, entered a decree of divorce. One paragraph of the decree contained a provision to the effect that "the court reserves jurisdiction of this cause for the purpose of settling the

property rights of the parties hereto." On May 6, 1933, appellant filed and had duly recorded her entry of appeal from the final decree. On May 8, 1933, appellee husband, Edwin C. Price, died. After appellee's death, suggestion thereof was made and filed in this Court. Upon application of appellant, an order was entered naming Catherine A. Girault as sole executrix of the last will of Edwin C. Price, deceased, a party appellee in this cause, in lieu of and representative of the deceased appellee, Edwin C. Price.

The case is now before us on a rule issued by this Court *sua sponte,* requiring appellant, Laura B. Price, to show cause why the appeal, being from a decree of divorce as to which the appellee is deceased, should not be dismissed as moot, because of the death of the divorced husband.

It is undoubtedly the law that the marital relation, being a purely personal one, is terminated by the death of either of the parties and that a suit for divorce is purely a personal action which cannot survive the death of either party. 30 A. L. R. page 1467 and authorities there cited; Kimball v. Kimball, 44 N. H. 122, 82 Am. Dec. 194; Barney v. Barney, 14 Iowa 189; Kirschner v. Dietrich, 110 Cal. 502, 42 Pac. Rep. 1064; 9 R. C. L. 469; 1 C. J. 208.

But the justice of the principle is manifest that while death ordinarily terminates a divorce suit, as well after a decree during the time the case is on appeal, as before any decree at all is entered, yet after an appeal has been duly taken, and is pending from a decree of divorce granted during the lifetime of both parties, it is the duty of the appellate court to review the decree and correct any error therein, in those cases where it is made to appear that an error committed in the entry of the decree severing the marriage between the parties prior to the death of one of them, may result in consequences which will affect the

property rights of parties to the suit, their heirs and personal representatives, if the appeal be dismissed.

While both parties to a divorce decree live, an appeal from it lies in this Court to reverse an erroneous decree of divorce, the effect of such reversal being to restore both parties to their former status as husband and wife, in law. And after the death of one of such parties it is said by the weight of authority that it ought to lie in favor of the other party, not for the same purpose, but to restore the survivor to his or her rights of property divested erroneously by the decree appealed from. On such reversal, the parties will be placed in the position they occupied before the decree was entered, and if one of them has died between the date of the decree of divorce and its reversal, the survivor procuring the reversal will be entitled to all rights of succession or the like, in the estate of the other, the same as if no divorce has ever been had. Danforth v. Danforth, 111 Ill. 236; Wren v. Moss, 6 Ill. 560, 7 Ill. 72; Chatterton v. Chatterton, 231 Ill. 449, 83 N. E. Rep. 161; Strickland v. Strickland, 80 Ark. 451, 97 S. W. Rep. 659; Bradshaw v. Sullivan, 160 Ark. 547, 254 S. W. Rep. 1064; Nickerson v. Nickerson, 34 Ore. 1, 48 Pac. Rep. 423, 54 Pac. Rep. 277; Higgins v. Higgins, 204 Iowa 1312, 248 N. W. Rep. 233; Oliver v. Oliver (Iowa), 248 N. W. Rep. 233; Craddock's Admr. v. Craddock's Admr., 158 Va. 58, 163 S. E. Rep. 387; Caddell v. Caddell, 204 Mo. App., 182, 222 S. W. Rep. 873; Swanson v. Swanson, 182 Minn. 492, 234 N. W. Rep. 675; Wagner v. Wagner's Admr., 188 Ky. 692, 223 S. W. Rep. 1011; Craig v. Craig, 110 Kan. 13, 202 Pac. Rep. 594, 112 Kan. 472, 212 Pac. Rep. 72.

In the present case the substitution of the executrix of the deceased husband appellee is relied on in the argument on the rule, as sufficient to sustain the appeal as against the suggestion that it should be dismissed as moot. An ex-

ecutor has an interest in the question of costs, upon the reversal of the decree. Also as the legal representative of the deceased appellee he is interested in the result of the appeal to the extent that the distribution of the estate of the deceased may be changed or affected by such reversal. But in this case the heirs, devisees and legatees of the deceased are also equally interested and necessary parties. This is so because the effect of a reversal of the divorce decree that has been rendered against the appellant wife, would be to restore her to her dower in her deceased husband's estate. Therefore, in order to proceed to a final determination, it is indispensable that all necessary parties to this appeal be brought into this Court by appropriate substitution before the appeal can be decided. But for the purposes of the motion to dismiss the appeal as moot, the presence of the executrix alone is sufficient to warrant our refusal to dismiss the appeal on the present hearing which is pursuant to our own suggestion raised *ex mero motu*, and not on an adversary motion.

The final decree expressly refers to retention of jurisdiction in the court below for the purpose of settling of the property rights of the parties to the final decree appealed from. Therefore assuming that the law is that in order to retain the appeal for determination by this Court after the death of a party, that it is necessary that the record show that more than the mere marital status is involved, it is our opinion that the recital in the final decree is in this case sufficient to bring the case within the rule contended for on that score.

It follows that the rule to show cause why the appeal should not be dismissed as moot has been met by an adequate showing that jurisdiction should be retained by this Court to decide this appeal on its merits after a proper substitution of all necessary parties appellee has been made

238

in due course of procedure. To that end an order will be entered discharging the rule and directing that this case be placed on the docket for consideration and disposition in due course.

Dismissal of appeal as moot denied.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.