PER CURIAM.
We here consider a motion to dismiss an appeal taken by the defendant-appellant from a final decree of divorce entered against her in the lower court.
It appears that suit for divorce was filed against appellant by Herman J. Busch, now deceased, in which the appellant filed a counterclaim for alimony unconnected with divorce. A final decree of divorce in fav.or of Herman J. Busch was entered on November 14, 1951, which decree also awarded to the appellant custody of the minor child of the parties, alimony for herself, and support money for the minor child. On January 10, 1952, the appellant filed a Notice of Appeal from such final decree of divorce, assigning as error, among others, the court’s action in dissolving the bonds of matrimony existing between the appellant and Herman J. Busch. Thereafter, on March 3, 1952, Herman J. Busch died a resident of Dade County, Florida; and Eleanor Hyek and St. Julien P. Rose-mond were on the 5th day of March, 1952, duly appointed as executors of the last will and testament of Herman J. Busch. Such executors have filed a motion to dismiss this appeal, and in support thereof have argued the following question: “Where a final decree of divorce has been entered in favor of a husband, and he dies shortly after the wife institutes an appeal therefrom, but before argument thereon, will a motion to dismiss filed by the executors or personal representatives of the de *69 ceased lie, where there was no issue of property rights or dower rights before the court ?”
The movants rely on the decision of this court in North v. Ringling, 149 Fla. 739, 7 So.2d 476, as authority for their contention that this question must be answered in the affirmative.. In the North case, while the opinion of the court purports to grant the motion to dismiss the appeal, it is clear that, this court did so only after a full and complete review of all the proceedings below, and that such “dismissal” was actually an adjudication that there was no error committed therein. The North case is not, therefore, authoritative on the proposition contended for by the movants.
In the North case this court did, however, re-affirm the general rule that an appeal in divorce proceedings cannot be prosecuted after the death of one of the parties, except where the decree of divorce affects the property rights of the parties, as adopted by this court in Price v. Price, 114 Fla. 233, 153 So. 904, 905. It was said in the Price case, in justification of the exception to the rule, that “But the justice of the principle is manifest that, while death ordinarily terminates a divorce suit, a9 well after a decree during the time the case is on appeal, as before any decree at all is entered, yet, after an appeal has been duly taken, and is pending from a decree of divorce granted during the lifetime of both parties, it is the duty' of the appellate court to review the decree and correct any error therein, in those cases where it is made to appear that an error committed in the entry of the decree severing the marriage between the parties prior to the death of one of them may result in consequences which will affect the property rights of parties to the suit, their heirs and personal representatives, if the appeal be dismissed.” It was further stated therein that an appeal ought to lie “to restore the survivor to his or her rights of property divested erroneously by the decree appealed from.”
In our opinion, it is manifestly unjust to deprive the appellant here of her right to a review of the decree of the court below, merely because there was no express adjudication in such decree of the property rights of the parties. As noted above, the appellant was not the movant in the divorce proceedings below but, on the contrary, actively sought to maintain her status as the wife of Herman J.' Busch throughout the entire proceedings. It affirmatively appears in the record that Busch died owning certain real property in this state, a share of which would have gone to the appellant if she had survived him as his widow. Sections 731.23 and 731.34, Florida Statutes, F.S.A. If, in fact, the decree of divorce was erroneously entered, the mere accident of the death of the appellee after the appeal had been instituted but before a determination thereof by this court should not, in all justice, operate to deprive the appellant of her interest in the estate of the deceased appellee.
A similar conclusion was reached by the Montana court in Judson v. Anderson, 118 Mont. 106, 165 P.2d 198, 207, on facts almost identical with those in the instant case. There, th'e court said: ‘.‘Respondent very forcefully and ably contends that since the only question involved is the purely personal relationship of the parties, the appeal must abate upon the death of one of them prior to its determination. This argument would be sound were the basic premise true. But property rights of the parties are also necessarily here involved, as such rights are lawful concomitants of the marriage status. It is true that .no property rights were specifically adjudicated by the decree, but it is equally true in this case that apparently valuable property rights of the wife, including dower and succession rights, will be effectively taken away from the wife should the decree be permitted to stand or the appeal abated. Many cases announce the rule that where only the personal relationship of the parties to a divorce action is expressly involved, an appeal will abate upon the death of one of the parties pending its determination. But the rule is almost universally recognized that such is not the case where property interests are involved. And we think the best and just rule is that it is not necessary that the decree itself adjudicate those rights in express terms. See Annotation to Lemp v. Lemp, 62 Nev. 91, 141 P.2d 212, found in 148 A.L.R. 1124, and cases cited.” See also First *70 National Bank of Nevada v. Wolff, 66 Nev. 51, 202 P.2d 878, 881, wherein it was stated that “In the cases called to our attention which are concerned with the question now before the court, rights granted by operation of law and based upon the marital relationship, such as dower and homestead rights, are held to be 'property rights."'
For further growth and development of the law on this subject see: Matuszek v. Matuszek, 160 Pa.Super. 526, 52 A.2d 381; Owen v. Owen, 208 Ark. 23, 184 S.W.2d 808; Hirchert v. Hirchert, 243 Wis. 519, 11 N.W.2d 157; Upperman v. Upperman, 119 Pa.Super. 341, 181 A. 252.
The executors have not argued against the propriety of the instant appeal, except as above noted; and, for the reasons stated, their motion to dismiss is not well taken.
The executors also request this court to strike the appellant’s Motion for Revival of Cause theretofore filed in the proceedings below by appellant. No order on this motion appears in the record, and no brief in support thereof has been filed. While it must be conceded that the appellant’s Motion for Revival of Cause was improperly filed in the lower court, whose jurisdiction over the cause had been transferred to this court by the appeal here, in the absence of an order of the lower court on such motion there is nothing for this court to review.
The appellant has failed to obtain in this court a substitution of necessary parties-appellee; but the presence of the executors here upon their motion to dismiss and to strike is sufficient for the purpose oij deciding whether the appeal is moot for the reason of the death of the appellee, Herman J. Busch, and the appellant may by proper application to this court obtain the substitution of all other indispensable parties to this appeal, to wit, the heirs, devisees and legatees of the deceased ap-pellee, Cf.: Price v. Price, supra.
The motion to dismiss the appeal is denied.
SEBRING, C. J., and THOMAS, ROBERTS and MATHEWS, JJ., concur.