68 So.2d 350 (1953)
BUSCH
v.
BUSCH.
Supreme Court of Florida. Division B.
November 17, 1953.
Dubbin, Blatt & Schiff, Miami, for appellant.
Rosemond & Gunn, Miami, and George Schwartz, Miami Beach, for appellee.
ROBERTS, Chief Justice.
This is an appeal from a final decree of divorce entered in favor of the plaintiff-husband, appellee here, and against the defendant-wife, appellant here, in the court below. The plaintiff-appellee died pending this appeal, but the cause was allowed to be revived and to proceed in the name of his executors, pursuant to the opinion of this court in Busch v. Busch, Fla., 62 So.2d 68. The parties will hereafter be referred to as they were in the court below.
The plaintiff based his suit for divorce on the charge of extreme cruelty. The defendant cross-complained for separate maintenance  but not for a divorce  on the ground of desertion. The Special Master, who heard the witnesses, resolved the conflicts in the testimony in the plaintiff's favor and found that the plaintiff was justified in leaving the defendant, some ten years prior to the time of the filing of this suit, because of misconduct on her part amounting to "extreme cruelty" within the meaning of our divorce statute. His findings were affirmed by the Chancellor, and we find the evidence  which it would serve no useful purpose to relate here  was ample to support these conclusions.
The defendant here contends, however, that the lower court failed properly to apply the doctrine of recrimination to the facts of the instant case. This contention cannot be sustained.
The misconduct on the part of the plaintiff here complained of by the defendant developed subsequent to the separation of the parties, which, as noted, was found to be for the fault of the defendant. The evidence was entirely insufficient to show such misconduct prior to their separation. We said, in Stewart v. Stewart, 158 Fla. 326, 29 So.2d 247, 249, 170 A.L.R. 1073, that "The application of the doctrine of recrimination like the doctrine of clean hands *351 is a matter of sound judicial discretion dependent on public policy, public welfare and the exigencies of the case at bar." And it has not been made here to appear that the Chancellor abused his judicial discretion in the instant case.
For the reasons stated, the decree appealed from should be and it is hereby affirmed. The husband having been granted a divorce because of the wife's misconduct, and that decree being herein affirmed, she is entitled to no dower in the deceased husband's property.
Affirmed.
THOMAS, HOBSON and DREW, JJ., concur.