JOHNSON, Judge.
The appellant herein is the duly appointed Executrix of the Estate of C. G. Wells, deceased, who was substituted as the plaintiff in the court below after the death of the said C. G. Wells who was the plaintiff in a divorce action against the appellee herein, which had culminated in a final decree of divorce in favor of the plaintiff and against the appellee herein.
Within the ten days allowed by the Rule to file for a rehearing the appellee had filed a motion to set aside the default and final decree of divorce, on the ground that failure to timely file an answer to 'the complaint was due to inadvertence and excusable neglect on the part of the attorney for the defendant because he had inadvertently and erroneously marked his calendar to designate the time for filing said answer as April 9, whereas it should have been April 1. Notice of hearing on the motion was set for and heard on April 16, thereafter, and argument of respective counsel heard. Without entering an order on that day, the trial court granted counsel a few days to submit authorities in support of their respective contentions. The plaintiff died on the same date the hearing was held, to wit, April 16, but neither the court nor the attorneys were aware of this fact at that time.
*403 On April 21, 1971, counsel for the defendant filed a supplement to the motion to set aside default, alleging that the defendant had a good defense to the divorce action in that the plaintiff had no grounds therefor, and denied that she had been guilty of extreme cruelty or “of any other ground of divorce.” Also, defendant said she wished to litigate the matters of alimony. In this motion the allegation of the death of the plaintiff was first noted. On May 28, 1971, a Suggestion of Death of the plaintiff and motion for substitution of the appellant, as Executrix of the estate of plaintiff, was made.
On June 7, 1971, a further hearing was held before the trial court on the matter of the motion to substitute appellant for plaintiff and upon the motion to set aside the default and final judgment, at which hearing testimony was taken in support of the motion to set aside the default, and extensive argument of both counsel was heard.
On June 29, 1971, the trial court entered its order in which the court made certain findings of fact, among which findings of fact it was found that it had been stipulated by counsel that property rights of the parties were in controversy and were affected by the default and final judgment. Also, said findings of fact pointed out that the granting of the motion to set aside the default and final judgment would have the effect of placing the parties in the position they occupied before the judgment was entered, to wit: husband and wife, thus securing to the defendant her rights of property divested by the default and final judgment. With this preamble in its order, the trial court then granted the motion to substitute the appellant for plaintiff and also granted the defendant’s motion to set aside default and final judgment, and allowed the defendant ten days to answer. The defendant’s answer filed on July 12, 1971, admitted the first three paragraphs of the complaint, which had to do with jurisdiction, marriage of the parties and date of separation, and then denied the other allegations of the complaint. (It is questionable whether or not a categorical denial of the complaint meets the test of requiring a meritorious defense.) The answer also alleged as a defense the fact that the plaintiff was now dead and that the action for divorce could not be maintained by the executrix. This answer has not been brought before the trial court because of the appeal in this case.
In this appeal, the appellant assigns as error the acts of the trial court in setting aside the default and final judgment, and assigns as reasons in support thereof, the fact that the plaintiff had died prior to final hearing on the motion to set aside and that the defendant had failed to show the existence of a meritorious defense.
The respective counsel for the parties have benefited us with good oral arguments, as well as comprehensive briefs.
We are cognizant of the cases holding that the law is undoubtedly that the marital relation, being a purely personal one, is terminated by the death of either party and that a suit for divorce is purely a personal action which cannot survive the death of either party.[1] But the justice of the principle is manifest under circumstances as now exist in this case, where property rights are involved and it is the duty of the appellate court to review the decree and correct any error therein, especially where property rights are involved.
In the record of this case, the pleadings are devoid of mention of property rights, alimony or other costs, but it appears from the order appealed that the respective counsel have stipulated that alimony and property rights are in controversy and are to be affected by the court’s action.
We are of the opinion that Rule 1.540(b), Fla.Rules Civ.Proc., 31 F.S.A., authorizes the trial court to set aside the default and final judgment under the circumstances enunciated by the original attorney representing the appellee-defendant below, but that due to the death of the plaintiff before *404 the trial court acted upon the motion- to set aside, we think that the order setting aside the default and final judgment should be affirmed, with certain conditions and limitations imposed upon the defendant, to wit: that the defendant be limited in answering only on the merits of the allegations of the complaint; that'testimony by and on behalf of the defendant in support of said answer shall be taken; that the testimony already submitted by and on behalf of the plaintiff shall stand, with the executrix of plaintiff being permitted to submit such rebuttal testimony to defendant’s evidence as might be possible and practical, if it is deemed necessary; and that at the conclusion of the evidence of both parties, the trial court shall then determine the issues pertaining to the merits of the divorce, alimony or property rights of the parties as if both parties were still living. The defense that the original plaintiff is now dead shall not be entertained under the circumstances of this particular case, although we are not unmindful of the general rule that the death of one party to a divorce action terminates further proceedings in said action; but, as in this case, there is no indication or charge that the default and final judgment were entered erroneously for lack of jurisdiction, failure of process or insufficiency of the evidence, but only that the defendant has not had her day in court because of the mistake, inadvertence and excusable neglect on the part of counsel for defendant. We are not aware of any other court decision, either from Florida or foreign jurisdiction, in which the facts are on all fours with the facts in this case, and we, therefore, are basing our decision in this case on what we think to be manifest justice to all parties involved.
The ordér appealed from is therefore affirmed, conditioned upon thei terms set out supra in this opinion, and said case is remanded to the trial court for further proceedings, not in conflict with the opinion of this court.
WIGGINTON, Acting C. J., and RAWLS, J., concur.

. Price v. Price, 114 Fla. 233, 153 So. 904 (1934).