## Lexington & Eastern Railway Company v. Boatright.

'(Decided April 28, 1915.)

### Appeal from Letcher Circuit Court.

1.  Railroads—Damages—Injury to Land—Proximate Cause—Question for Jury.—In an action for damages for injury to land by diversion of a stream alleged to have been caused by a change in the channel thereof, evidence considered and held that the question whether or not the change in the channel was the proximate cause of the injury was for the jury.

2.  Trial—Instructions—Verbal Instructions—Error.—In an action for damages for an injury to land alleged to have been caused by a permanent change in the channel of the river, a verbal instruction telling the jury that plaintiff could not maintain another action for damages, was not prejudicial error, in view of the fact that the court merely stated the law and gave to the jury information which they were entitled to have in order to reach a proper verdict.

3.  Trial—Verdict—Injury to Land—Excessive Amount.—In an action for damages for injury to land, evidence considered and the verdict of $200.00 held not excessive.

SAMUEL M. WILSON, D. D. FIELDS & SON, B. D. WARFIELD and C. H. MOORMAN for appellant.

J. M. COOK and DAVID HAYS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Charging that the defendant, Lexington & Eastern Railway Company, had changed the channel and diverted the waters of the Kentucky River so as to cause them to flow against and cut away a portion of his land, plaintiff, H. C. Boatright, brought this action to recover damages. The trial resulted in a verdict and judgment in plaintiff's favor for $200.00. The defendant appeals.

Plaintiff is the owner of about ten acres of land, situated in Letcher County, on the waters of the Kentucky River. Between his residence and the river is a public road 35 feet from his residence. Between the road and the river was a narrow strip of land. About 750 feet above plaintiff's land there is a sharp turn in the river. At that point it flowed against a cliff or ridge and the waters were deflected so as to flow practically at right angles to the former course of the stream. Up to this bend the railroad was constructed along the

river. It then passed through a tunnel under the ridge. In the construction of its roadbed the defendant found it necessary to make a fill in the natural channel of the river and to cut out a new channel for the river. According to plaintiff's evidence, the effect of the fill and the change in the channel was to cause the river to strike the ridge further down and thereby cause the waters to flow against and cut away his lands. His witnesses say that prior to the construction of the railroad his lands were not cut away by the river. Prior to that time the river cut away lands but at a point above the lands of plaintiff. Plaintiff's witnesses also say that a strip of land about 150 feet long and from 10 to 30 feet in width, and extending in some places beyond the public road was cut and washed away at a depth of from 3 to 10 feet. Defendant's evidence tends to show that prior to the change in the channel the river cut and washed away plaintiff's land.

It is insisted that a peremptory should have been given because the evidence fails to show that the change in the channel of the river was the proximate cause of the damage to plaintiff's lands. In this connection it is argued that it is much more probable that the high tides caused the damage than that it was caused by the deflection in the stream. In view of the fact, however, that plaintiff's evidence tends to show that prior to the change in the channel of the river the cutting and washing away of the land took place at a point above plaintiff's lands, and that there was very little cutting away of plaintiff's lands up to that time, but that after that time a large strip of his land was cut away, and in view of the further fact that the jury was permitted to view the premises and personally inspect conditions there prevailing, we conclude that the question whether or not the change in the channel was the proximate cause of the damage was peculiarly one for the jury.

It appears that after the jury had been instructed and retired to the jury room they came into court and announced that they could not agree on a verdict. The jury were then adjourned until morning and then sent back to the jury room. They then returned to the court and announced that they could not agree. At that time one or more of the jurors said to the court that they did not understand from the instructions whether or not plaintiff could thereafter sue defendant for damages.

Thereupon the court said to the jury that the court had instructed them as to the law of the case and that they had been upon the grounds themselves and viewed the premises. At the same time, in answer to the question about a subsequent suit for damages, the court stated that the plaintiff could not maintain another action for damages, as he was of the opinion that the present case would conclude all claims of that kind. Thereupon the clerk was directed to, and did, make an order showing the facts as they occurred at the time. To this action of the court the defendant objected and excepted. The change in the river was permanent. In such a case only one action for damages is allowed and the recovery must include all damages, past, present, and prospective. King v. Board of Council, etc., 128 Ky., 321.

In stating to the jury that plaintiff could not again sue for damages the court merely stated the law and gave to them information which they were entitled to have in order to reach a proper verdict. While it would have been better to have given the instruction in writing, we are unable to see how defendant was prejudiced because the instruction was verbal.

Complaint is made of the amount of the verdict. It is argued that plaintiff's land was not worth exceeding $50.00 an acre and that less than a quarter of an acre was washed away. Plaintiff's witnesses placed the diminution in the value of the land at from $200.00 to $500.00. Defendant's witnesses placed it at very much less. If plaintiff were entitled to recover only the market value of the land washed away there might be some merit in the contention that the verdict is excessive. In view, however, of the location of the strip of land washed away and of the fact that the measure of damages was the difference between the market value of the entire tract just before and after the injury, and of the further fact that plaintiff was entitled to recover for all damages, past, present and prospective, we are unable to say that the finding of the jury is so glaringly excessive as to strike us at first blush as being the result of prejudice or passion.

Judgment affirmed.