## L. & E. R. R. Co. v. Hargis.

(Decided May 22, 1923.)

### Appeal from Breathitt Circuit Court.

1. Eminent Domain—Damages Should be Restricted to Difference in Value at Time of Taking.—In proceedings to ascertain the damage to property caused by change in the railway line constructed across it, the measure of damages should be restricted to the difference in the value of the premises occasioned by the change at the time the change was made, where the evidence showed any marked increase or decline in the value of the property since that date.

2. Eminent Domain—Refusal of Instruction Limiting Damages to Time of Taking Held Reversible Error Under the Evidence.—In an action for damages to plaintiff's land by substituting fills for railway trestles thereon, thereby closing passages for stock under the trestles, where plaintiff's witnesses materially increased their estimates of damage at the second trial over the estimates given them at the first trial, because of the general increase in values since the first trial, it was reversible error to refuse to give an instruction limiting the ascertainment of the damages to the difference in the value caused by the change at the date the change was made.

3. Eminent Domain—Damages from Obstruction of Stock Passway Under Railroad Track Include Diminished Value of Entire Farm.—The measure of damages for the permanent obstruction of passway under a railway track is not limited to the diminished value caused by such obstruction to the portion of the farm thereby cut off from the main part of the farm, but includes the damage to the entire farm.

4. Eminent Domain—Correct Instructions for Temporary Injury Pending Construction Stated.—In an action for the damage to plaintiff's land by obstructing a passway for stock under a railroad track, where the evidence was conflicting as to whether the obstruction was permanent or could be removed, the court should instruct that the jury should allow for the diminution of the value of the use of the tract of land above the railroad caused by the obstruction until such time as they may believe from the evidence the obstruction should have been terminated together with the reasonable cost of removing the obstruction.

5. Appeal and Error—Alleged Error Raised on Former Appeal, and Not Sustained, Cannot be Raised on Subsequent Appeal.—Where the testimony to which objection was made on the second appeal consisted of a transcript of the testimony given at the first trial, after which a former appeal had been taken, the questions as to admissibility of that evidence were raised on the former appeal, and, if the evidence was not condemned in the former opinion, its admissibility cannot be raised on the second appeal.

B. D. WARFIELD, O. H. POLLARD and HUNT, NORTHCUTT & BUSH for appellant.

HAZELRIGG & HAZELRIGG, CHESTER GOURLEY and JOHN C. EVERSOLE for appellee.

Opinion of the Court by Judge McCandless—Reversing.

This is the second appeal of this case. Appellant's line of railway runs through appellee's farm, crossing a number of valleys and ravines. Formerly these were crossed by trestles and under three of them appellee was given passways connecting the adjacent portions of her farm.

These trestles were partially filled about the year 1912. Alleging that the passways were thereby obstructed appellee sued. The first trial resulted in a judgment of $2,000.00 which was reversed in this court. The former opinion is reported in 180 Ky. 636 to 642, inclusive, and reference is made to it for the facts.

On the second trial a verdict of $2,500.00 was returned and this appeal results. Several grounds are urged for a reversal but we do not deem it necessary to mention all of them.

At the last trial A. H. Hargis, husband of appellee, was asked this question:

"Q. In your judgment has the vendible or market value of your wife's land on Cane creek been diminished by the

filling up and obstructing of the two passways, one at Lindon branch and the other at Sugar Camp branch, which existed from and before 1889 down to the filling up of those two passways in 1912?''

Over objection he answered:

"A. $6,000.00 in my judgment."

On cross-examination he was asked if he had not on examination as a witness on the former trial fixed the damage at $3,500.00 and he answered, "That is exactly my statement then and now, today I state $6,000.00."

"Q. I did not ask you what you state now."

"A. Well, I want to say it and the reason is the advance in the land and everything else that money buys."

A number of other witnesses for plaintiff made similar statements, each giving his opinion as to the diminution of the vendible value of the land occasioned by the fills at a certain sum and on cross-examination admitting that on the former trial, which was some time in the year 1915, his estimate was much lower and explaining the difference by a reference to the advance in the price of land.

In the measure of damage instruction the court said: "If they shall find for plaintiff then they will find for her such a sum in damages, if any, as will fairly and reasonably compensate the plaintiff for the diminution, if any, in the market value of said land caused by the filling up or obstructing, if any, of the passways at Lindon branch and Sugar Camp branch, or either of them."

The appellant offered an instruction restricting the damage to the diminution of the market or vendible value of the land located above the railroad, and putting the measure as the difference, if any, between the market or vendible value of said land immediately before it became known that said crossings, or one of them, would be permanently obstructed, and the market or vendible value of said land immediately after said permanent obstructions, if any, took place.

The instruction as given by the court is similar to the one given in the former trial of the case upon the question of permanent obstruction. A similar instruction was also approved in the case of L. H. & St. L. R. R. Co. v. Roberts, 144 Ky. 820.

On the other hand, in a number of cases it has been clearly laid down that the measure of damages is the diminution or difference in the market or vendible value of the land immediately before it was known the structure

was to be erected and its value thereafter.  L. & N. R. R. Co. v. Lambert, 110 S. W. 306; King v. Board of Council, 128 Ky. 321; L. E. & St. L. Ry. v. Boatwright, 164 Ky. 374.

The apparent conflict arises from the fact that in the former it did not appear that there had been any material change in the value of the real estate and the date was immaterial, but where there is a sharp decline or advance in such values it does become material, and we think a restriction to the difference in the vendible value immediately before the erection of the structure and immediately after it is completed is the sound rule, and the one supported by authority.

Accepting this as a standard in view of the great advance in the price of lands during the period covered by this lawsuit, the appellant was entitled to have the instruction so worded, though it should apply to the damage to the entire farm and not be restricted to the lands above the railroad as asked by it.  The evidence should also have been directed to that period.  Introduced in the form it was, and unlimited in its application, it, together with the instruction, would constitute reversible error.  It might be observed that as this advance has taken place since the last trial this question was not considered in the former opinion.

It is complained that instructions numbers two and three as to the measure of damages for the temporary obstruction at Turkey Creek branch are conflicting and confusing.  This criticism has some foundation, though we hardly think the jury could have failed to understand them.  As there is evidence that plaintiff could have moved the obstructions at slight cost, on another trial the court will give the following instructions: ''If the jury find for plaintiff they will award her such a sum in money as they believe from the evidence will compensate her for the damage, if any, to her land caused by the filling up or obstructing, if any, of the passways at Lindon branch and Sugar Camp branch, or either of them, same to be estimated at the difference, if any, in the market value thereof immediately before the beginning and immediately after the completion of the fills complained of; and for the diminution in value of the use, if any, of said tract of land above the railroad, caused by the obstruction, if any, of the passway at Turkey branch from the date of such obstruction, if any, up to the time of the filing of this suit, or until such time as they may believe

from the evidence such obstruction should have been terminated as set out in instruction number a, her entire recovery not to exceed $5,000.00, the amount claimed in the petition.''

''Number a. If the jury shall believe from the evidence that the plaintiff, by the use of ordinary care and at reasonable cost could have removed the obstruction in the passway at Turkey branch (if there were such) then for those obstructions, if any, they will award her such damages only as will fairly compensate her for the diminution, if any, in the value of the use of the land on Turkey branch above defendant's railroad up to the time when she might have so removed said obstruction together with the reasonable cost of removing same.''

On cross-examination one of appellant's witnesses was required to answer certain questions over its objections and exceptions. It claims that these were both incompetent and prejudicial, but it appears that at the last trial the transcript of the witnesses' evidence on the former trial was read. So that all of those questions were raised on the former appeal of this case and as they were not condemned in the former opinion that question cannot now be considered.

Other objections are urged which are not likely to occur in another trial of the case.

Wherefore, judgment is reversed and cause remanded for proceedings consistent with this opinion.