**ALLEN et al. v. FERGUSON et al.**

Court of Appeals of Kentucky.

Nov. 21, 1952.

Woodward, Bartlett & McCarroll, Owensboro, Arthur T. Iler, Central City, for appellants.

D. C. Ross, J. H. Thomas, Calhoun, for appellees.

DUNCAN, Justice.

This is an action for willful trespass instituted by appellees, Sophia H. Ferguson, Clayton F. Ferguson and Paul M. Ferguson, as plaintiffs below against G. W. Allen, J. F. Stogner and H. H. Waddle. Plaintiffs sought recovery of $954.20, alleged to be the value of timber cut and removed from their land, and $100 for damage to the land and the smaller timber which resulted in the cutting and removal of the timber taken. Upon a trial before a jury, judgment was rendered against all defendants for $425 for timber cut and $75 for damage to the other property. Allen and Stogner alone have appealed.

Allen contends that he is not liable for the trespass, if any, since he merely sold certain timber located within his own boundary and it is insisted that if Stogner, the purchaser, went beyond the boundary lines to which he purchased, the sole liability rests on Stogner. On the other hand, Stogner contends that Allen accompanied the purchasers around the boundary and blazed a line and that he cut only the timber within the lines indicated by Allen. Other witnesses corroborated the testimony of the purchasers. In view of the conflict, we are unable to conclude that Stogner and Waddle trespassed upon the land of appellees without the knowledge or consent of Allen.

Two grounds for reversal are urged by Stogner: (1) that appellees did not prove their title to the timber for which they sued and (2) that appellees did not properly prove their damages.

With reference to Stogner's contention that appellees failed in their proof of title, the bill of exceptions discloses that at the trial counsel for Allen and attorneys representing appellees entered into a stipulation that no proof should be necessary or required to establish either Allen's or appellees' title to the respective tracts claimed

by each. Stogner was present when the stipulation was announced to the jury and offered no protest at the time, nor did he object when the stipulation was later entered in the record. At the trial neither Stogner nor Waddle was represented by counsel, yet they sat with Allen and his attorney and during the course of the trial held frequent conferences with Allen's attorney. Under the circumstances, we think Stogner is bound by the stipulation.

In considering Stogner's second contention, that there was no competent evidence as to the value of the timber taken, we find that one witness in testifying as to value was permitted to state the value of the manufactured lumber. The correct measure of damages was the reasonable market value of the timber at the time and place of its cutting, which means its value on the stump. Stogner and Allen were permitted to introduce evidence as to the value on the stump and in view of the amount of the verdict, we do not think appellants were prejudiced by the incompetent evidence. The verdict indicates that the jury applied the correct measure of damages in fixing the value of the timber.

Both appellants complain about instruction No. 1, because it permitted recovery to the extent of $954.20, which would have been the value of the manufactured timber. Instruction No. 3 correctly defined the measure of damages as being the reasonable market value of the timber at the time it was cut. The amount of the verdict indicates that the jury accepted and applied the correct measure of damages.

Complaint is also made of the instruction permitting the jury to assess damages for injury to the smaller trees. Without an extended discussion of this point, we may simply state that the issues submitted to the jury under this instruction were proper upon the authority of Lindsay v. Latham, 107 S.W. 267, 32 Ky. Law. Rep. 867. The case of Kentucky Stave Co. v. Page, Ky., 125 S.W. 170, relied upon by appellants, does not condemn this instruction as we construe the opinion.

Finally, it is insisted that the court should have instructed the jury that

it could make a separate finding as to each defendant. Such an instruction should have been given. However, the jury, after retiring, returned to the courtroom and specifically asked the court if it could make separate findings as to each defendant. The court thereupon informed the jury that it could do so. We think this instruction cured the omission. See Lexington & Eastern Ry. Co. v. Boatright, 164 Ky. 374, 175 S.W. 648; Brown v. Woods Motor Co., 239 Ky. 312, 39 S.W.2d 507.

The judgment is affirmed.