**WHITLOW v. WHITLOW.**

Court of Appeals of Kentucky.
March 26, 1954.

Rehearing Denied May 28, 1954.

Homer Parrent, Jr., J. Allen Sherman, Louisville, for appellant.

Hensley & Logan, Joseph P. Pike, Louisville, for appellee.

SIMS, Chief Justice.

All parties to this action have the same surname and to save time and space each will be referred to by his or her given name.

The question to be decided is whether Lillie, the divorced wife of Roger, or Elizabeth, his widow and administratrix, is the owner of a lease Roger held on a parking lot in Louisville at the time of his death. This lease was said to be earning a profit of $300 per month and had about two years to run at the time of Roger's death. The chancellor's decision was in favor of Elizabeth, and Lillie appeals.

Roger and Lillie were divorced on January 22, 1946, the judgment reciting:

"Whereas the parties to the above styled action, which is now pending in the Jefferson Circuit Court, desire to make a settlement of their property rights, it is hereby agreed that the defendant, Roger Whitlow, is to pay the plaintiff, Lillie Whitlow, the sum of $12.50 per week alimony, and that this

is in full of all claims for alimony or maintenance and property rights, except that in event the said Roger Whitlow, should give up his lease on parking lot on Central Street near Walnut Street, he is to give her the first option on same, or if he should die while said lease is in force, she may, with the consent of the owner, take over the remainder of said lease."

At the time of the divorce Roger held a lease on the parking lot which expired June 1, 1949. On August 4, 1948, prior to the expiration of the lease, Roger obtained a written lease on the lot from its owner which was to run from June 1, 1949, to June 1, 1954. He married Elizabeth on December 20, 1949, and at his death on June 11, 1952, Elizabeth took possession of the lease and began operating the parking lot. On the motion of Lillie the court revived the divorce judgment on February 10, 1953, and issued a rule against Elizabeth to show cause why she should not turn the lease over to Lillie under the provisions of the divorce judgment. Upon hearing the rule the chancellor construed the divorce judgment as relating only to the lease which was in existence at the time of the divorce and held it did not cover the lease which Roger acquired on August 4, 1948.

■ Elizabeth insists the affidavit through which Lillie set up her claim to this lease under the divorce judgment amounted to a plea in ejectment and could not be tried in a court of equity. With this we cannot agree. The issue to be determined was whether the divorce judgment, as properly construed, covered the lease in existence at the time of Roger's death, or whether that judgment only covered the lease Roger held when the divorce judgment was entered. This issue was properly raised by reviving the divorce judgment and Lillie's affidavit setting up her claim to the lease under a proper construction of that judgment.

A contract settling alimony and property rights of Lillie and Roger was incorporated into the divorce judgment. The sole question before the court below, and now before us, is the construction of that contract.

■ The cardinal rule on the construction of an ambiguous contract is that the court will gather, if possible, the intention of the parties from the contract as a whole, and in doing so will consider the subject matter of the contract, the situation of the parties and the conditions under which the contract was written; and words used in the instrument will receive their ordinary meaning when there is nothing to show they were used in a different sense. Taylor v. Rosenthal, 308 Ky. 4, 213 S.W.2d 435, 437, and authorities therein cited.

Let us apply this rule to the facts in this case. Roger's father held a lease on this lot, then Roger leased it and the two had held the lot continuously under lease as far back as 1921. The alimony and property settlement contract recited if Roger surrendered the lease, he would give Lillie the first option on it; and if he died with the lease in force, she, with the consent of the owner of the lot, should take over the remainder of the lease. The owner of the lot is agreeable to Lillie having the unexpired term of the lease.

■ Patently, Roger and Lillie knew the $12.50 weekly alimony payments would cease at Roger's death and it was their intention that in the event of Roger's death Lillie should have the unexpired portion of any lease he then held on the lot in order that her earnings might take the place of the weekly payments. Roger and Lillie certainly did not intend to limit the word "lease" to the one Roger held on the property at the time of his divorce, else the very purpose of their contract would have been defeated. It is clear they used the word "lease" in their contract to cover any lease Roger might hold on the property at the time of his death, since they did not expect Roger to die while the particular lease he then held was in effect.

It being the intention of the parties that their agreement fixing alimony and settling property rights not only covered the lease Roger then held on the lot, but any subse-

quent lease he might acquire, it follows the chancellor erroneously construed the contract incorporated in the divorce judgment.

Elizabeth insists the function of alimony is to make provision for the wife during her ex-husband's life, therefore at his death the alimony payments ceased, citing Wides v. Wides, 300 Ky. 344, 188 S.W.2d 471. Such is the rule where nothing is said in the divorce judgment about how long the payments are to run. In the instant case the $12.50 weekly alimony payments ceased at Roger's death, but the contract fixing the alimony and settling property rights expressly provided that in case of Roger's death Lillie was to have the unexpired portion of the lease. Clearly, Roger and Lillie inserted this provision in the contract for her protection after the weekly payments ceased in case of Roger's death.

The judgment is reversed and one will be entered in conformity with this opinion.