**EAST KENTUCKY RURAL ELECTRIC COOPERATIVE CORP., Appellant,**

**v.**

**Noah STAPLETON et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 2, 1968.

Rehearing Denied May 24, 1968.

W. A. Johnson, Paintsville, Philip P. Ardery, Brown, Ardery, Todd & Dudley, Louisville, for appellant.

Eugene C. Rice, J. K. Wells, G. C. Perry, III, Paintsville, for appellees.

OSBORNE, Judge.

The record in this action is so confused as to make the task of reviewing it almost impossible from a technical standpoint. The complaint states an action for negligence. The instructions of the court deal with reverse eminent domain and contract. The evidence will not satisfy the requirements of either an action of negligence, contract or reverse eminent domain. The facts giving rise to the cause of action are as follows:

On May 26, 1964, Noah Stapleton and his wife, Emma, executed an easement of right-of-way to the East Kentucky Rural Electric Cooperative Corporation of Winchester, Kentucky, for the purpose of constructing a transmission line. The right-of-way grants the Cooperative the right to construct an electrical transmission line over the farm of Mr. and Mrs. Stapleton consisting of approximately 120 acres located in Johnson County, eight miles from Paintsville.

The pertinent parts of the easement provide as follows:

"Beginning at a point in the line between the lands of the undersigned's above described land and the land of Claude Brown and running thence * * * to a point in the line between the lands of the undersigned above described land the land of Ross Vaughn heirs. The rights herein granted include the right to survey, construct, reconstruct, repair, enlarge, operate, maintain and inspect on the above described lands and/or in or upon all streets, roads or highways abutting said lands, an electric transmission line or system together with the right of ingress and egress over the lands of the undersigned to and from said lines in the exercise of the rights and privileges granted, provided, however that in exercising such rights of ingress and egress the Cooperative will, whenever practicable to do so, use regularly established highways or farm roads; to fell and/or trim any and all trees and shrubbery located upon this one hundred (100') feet wide right of way, and cut and trim any and all other trees which are of such height that in falling they would come in contact with said line or system and also the right to remove brush and all other obstructions and obstacles from the right of way which would create a fire hazard to the lines or systems of the Cooperative."

As consideration for the easement the Cooperative paid $10 for each pole set, $10 for each anchor rod, and $3 for each linear foot or fraction thereof of overhang located on the land and in addition agreed to pay, "any and all damages that may be caused by the Cooperative in going upon the lands in right of way except that the Cooperative will not be liable for any damages for felling and trimming trees in the manner and to the extent herein and above specified."

Upon trial of the action, Appellee, Noah Stapleton, testified that "they"[1] came upon his land for which he had paid $13,000 seven years ago and started cutting timber with axes and power saws. He testified that he was damaged by the fact that the timber was not cut into the right lengths; that it was not properly piled on the ground; that it was not properly piled on the edge of the right-of-way; that a spring was damaged but that the spring had not dried up and a road was cut from above his barn up through a pasture field across a hill and a branch up to where the power line crossed. Upon the basis of this testimony and Noah's further statement that in his opinion before the work was done he would have sold his farm for $15,000 but now he didn't believe he could get over $10,000 for it, the jury awarded him $5,000 damages. There is no evidence in the rec-

---

[1]. Noah never specifically identified the people referred to here but generally it is presumed to be the employees of the A. Electric Company and the Townsend Tree Service Company.

ord as to the size of the area bulldozed for the purpose of making a road. There is no evidence in the record as to the exact number of trees that were cut off the right-of-way and, of course, there is no proof of any obligation upon the part of appellant to stack the trees in any particular manner. There is no proof to indicate which trees could have been cut under the provisions of the lease and which could not have been cut under it. Under this state of facts, the proof is not sufficient to support a verdict of $5,000. On the basis of what appellees paid for the land it had a value of $108 per acre. The proof does not show whether one, two or twenty acres were involved.

■ It appears from the record that part of the difficulty encountered by the court and counsel was occasioned by a misunderstanding as to exactly what the consideration clause of the contract included. Appellant contends that it has an absolute right to do all things incidentally necessary to the construction of the line without the payment of damages. Appellee seems to take the position that appellant should pay for all acts done in the construction of the line which were injurious to the property over which the line passes. We must confess that there is a certain ambiguity in the contract. It first grants the right to construct and maintain the transmission line and to fell and trim trees upon the right-of-way that would contact or interfere with the lines. It then provides for a specified consideration of $10 for each pole and anchor rod and $3 for each linear foot of line. If the lease stopped here there would be no difficulty but it goes ahead and provides that appellant will pay all damages caused by appellee in going upon the lands and right-of-way except for those caused in the cutting and felling of trees. This creates some ambiguity. To resolve this ambiguity we must gather the intention of the parties from a reading of the contract as a whole. Parrish v. Newbury, Ky., 279 S.W.2d 229; Whitlow v. Whitlow, Ky., 267 S.W.2d 739.

It appears that the parties intended that appellant be permitted to cut and fell trees as provided in the contract without payment of further damages and that it be permitted to maintain the line for the payment of the consideration stipulated therein but that it be required to pay for any damages caused in going upon the land for the purpose of constructing the line that is to pay for damages to any growing crops; marketable timber; fences; etc., that might be done off the right-of-way.

■ There are other questions in this case occasioned by the fact that the Cooperative subcontracted the construction of the transmission to the A. A. Electric Company, who in turn subcontracted the clearing of the right-of-way to the Townsend Tree Service. Both of these were made parties to the action and considerable confusion developed as to Stapleton's rights against them and as to their rights against one another. In this respect, we might point out for the purpose of any new trial that these parties have the same right to go upon the land for the purpose of constructing the transmission line as did the Cooperative and any defense available to the Cooperative by virtue of the easement is likewise available to these parties. The proof discloses that a considerable amount of the damages complained of were damages for cutting and felling trees which is obviously permissible under the easement and therefore not recoverable. However, we are unable to say, as a matter of law, that all such damages were allowable under this clause. For that reason, we are remanding the case for a new trial but note in doing so that appellees' cause of action is one for breach of the contract and appellees should only be allowed to recover for those acts which are not specifically or implicitly allowed by the contract. If there were trees cut off the right of way that could not be reasonably expected to interfere with the transmission line, then appellant must respond in damages. See Barron v. Phelps, Ky., 238 S.W.2d 1016 and Allen v. Ferguson, Ky., 253 S.W.2d 8.

The other damages complained of seem minimal to us and of a temporary nature for proper instruction. See 1 Stanley's Instructions to Juries, 512 Damage, § 325. Appellees should be given reasonable opportunity to amend the complaint as allowed by C.R. 15.02 and plead the contract. Appellant accordingly should be given opportunity to respond to these pleadings and trial conducted in accord with the principles herein set out.

The judgment is reversed.

All concur.