Thelma Louise SHEPHERD, Appellant,

v.

Wanda SHEPHERD, Executrix, etc.,
Appellee.

Court of Appeals of Kentucky.

March 21, 1975.

Bill V. Seiller, Ewen, MacKenzie & Peden, Terrance Allen Jones, Louisville, for appellant.

James A. Hubbs, Hubbs & Mobley, Louisville, for appellee.

VANCE, Commissioner.

The appellant, Thelma Louise Shepherd, was divorced from Clifton Shepherd in November 1971. The judgment awarded Thelma the use of the family home until her youngest child reached the age of eighteen years at which time the home was to be sold and the proceeds divided forty percent to Thelma and sixty percent to Clifton. Clifton was also ordered to pay the mortgage payments on the home until the youngest child reached eighteen and to pay alimony to Thelma in the sum of $35.00 per week "until she dies, remarries, or until further orders of the court."

After the divorce Clifton remarried. He died in August 1973, and his will devised his entire estate to his second wife. An appeal is pending from the order which admitted the will to probate.

Wanda Shepherd, the second wife, was appointed executrix of Clifton's estate. In her capacity as executrix, she was substituted as a party to the divorce proceeding and filed a supplemental pleading which alleged that the youngest child of Clifton Shepherd had reached the age of eighteen years and demanded that the home be sold with the proceeds to be divided pursuant to the judgment of divorce.

By response Thelma contended that: (1) The home should not be sold during the pendency of proceedings to contest the will of Clifton Shepherd; (2) the divorce judgment provided that alimony payments

to her should continue beyond the lifetime of her former husband in the event she outlived him and remained unmarried; and (3) there were due to her from the estate of Clifton Shepherd certain sums for reimbursement of mortgage payments made by her which under the judgment were required to be paid by Clifton.

The trial court entered an order which directed the immediate sale of the property and division of the proceeds forty percent to appellant and sixty percent to the estate of Clifton, allowed appellant's claim for reimbursement for mortgage payments made by her, and terminated the alimony payments as of date of Clifton's death.

From the adverse portions of the judgment Thelma appeals.

■ We find no error in that part of the judgment which directed the sale of the real property. The sale is in compliance with the terms of the divorce judgment, and the estate of Clifton Shepherd is entitled to sixty percent of the proceeds of the sale.

The pendency of an appeal from the order admitting the will of Clifton Shepherd to probate has no bearing upon the issue before us. Even if it should be determined that the document offered for probate was not a valid will, it would not alter the fact that the property should be sold and a proper allocation of proceeds be made to the estate.

■ The judgment is erroneous insofar as it holds that the alimony payments ceased upon the death of Clifton Shepherd as a matter of law. The judgment provided that payment should continue until the wife died, remarried, or until further orders of the court.

■ When nothing is said in the divorce decree as to the duration of alimony payments the payments cease upon the death of the ex-husband. Whitlow v. Whitlow, Ky., 267 S.W.2d 739 (1954).

The judgment herein did not expressly state that alimony payments would continue after the death of the ex-husband but the language that such payments should continue for the lifetime of the wife provided, by implication, for the continuance of the payments beyond the lifetime of the deceased former husband.

We held in Wides v. Wides, 300 Ky. 344, 188 S.W.2d 471 (1945), that language in the judgment which was identical in effect to the language employed here had the effect of extending alimony payments past the death of the ex-husband and that such payments constituted a charge against his estate. *Wides* is not distinguishable upon the ground that it was based upon an agreement of the parties because it turned not upon the agreement but upon the language used in the judgment which was in fact contrary to the terms of the agreement.

In *Wides* this court cited Wagner v. Wagner's Adm'x., 188 Ky. 692, 223 S.W. 1011 (1920), in which we said:

"At the outset it is insisted that plaintiff's right to alimony abated with her husband's death, and that this court is without jurisdiction to review the judgment denying alimony, in view of the fact that alimony cannot be now awarded against the husband's estate. We have frequently ruled that while we have no power to reverse a decree of divorce, we may nevertheless consider the evidence and determine whether or not alimony was properly awarded or refused. Burton v. Burton, 184 Ky. 268, 211 S.W. 869; Benedict v. Benedict, 165 Ky. 499, 177 S.W. 245; Pope v. Pope, 161 Ky. 104, 170 S.W. 504. It therefore follows that we have jurisdiction in this case unless we are deprived of jurisdiction by the husband's death. It may be conceded that at common law a claim for alimony could not be availably asserted after the death of the husband, unless it had been previously ascertained and fixed by the decree of a court of competent jurisdic-

tion. Gaines v. Gaines, 9 B.Mon. 295, 48 Am.Dec. 425; Martin v. Thison's Estate, 153 Mich. 516, 116 N.W. 1013, 18 L.R.A.(N.S.) 257, 126 Am.St.Rep. 537; Coffman v. Finney, 65 Ohio St. 61, 61 N.E. 155, 55 L.R.A. 794. The reason for the rule was that alimony at common law was a provision for the maintenance of the wife during her separation from her husband and grew out of the husband's duty of support, and, as this duty terminated with his death, the right to alimony also ceased. At that time the ecclesiastical courts would not grant an absolute divorce, but only a divorce a mensa et thoro, which still preserved the marriage relation, and did not deprive the wife of her dower rights. That being true, there was no longer any necessity for the allowance of alimony after the husband's death, for his widow then became entitled to dower and her distributive share of his personal property. 1 R.C.L. p. 867; Taylor v. Taylor, 93 N.C. 418, 53 Am.Rep. 460. But this is not a case of divorce from bed and board, entitling the wife, upon a proper showing, to alimony only during the lifetime of her husband, and leaving intact her other rights in his property, but is a case of absolute divorce which deprived her of her dower and distributive share in her husband's estate. In such a case the obligation to pay alimony is something more than a mere personal obligation on the part of the husband, since, under the statute, the court may award the wife such allowance out of the estate of her husband as shall be deemed equitable, and such allowance may be collected by execution. * *. *."

Cf. Whitlow v. Whitlow, supra, in which an ex-wife was granted a leasehold interest in realty in lieu of alimony payments in the event of the death of the husband before the wife.

The record does not show that any evidence was taken or considered by the trial court. Its determination that alimony payments terminated as a matter of law upon the death of Clifton Shepherd is erroneous.

We are not unmindful of the fact that the judgment was subject to further orders of the court. This provision of the judgment preserved the jurisdiction of the court to enter further orders relative to the payment of alimony and to modify the judgment upon a proper showing. The action of the trial court was not such an order.

As far as this record shows there was no petition to modify the original judgment with respect to payment of alimony nor was any evidence introduced to support a modification. The decision of the trial court terminated the alimony payments as a matter of law and this was erroneous.

That portion of the judgment which ordered sale of the real property and division of the proceeds and ordered that the appellant recover for certain mortgage payments made by her is affirmed. Insofar as it adjudged termination of the alimony payments as of the date of the death of Clifton Shepherd and failed to permit recovery by the appellant for such delinquent payments, the judgment is reversed with directions that a new judgment be entered in conformity with this opinion.

All concur.