SAM EZELLE and DOROTHY EZELLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ezelle v. Commissioner
Docket No. 8341-72.
United States Tax Court
T.C. Memo 1976-231; 1976 Tax Ct. Memo LEXIS 172; 35 T.C.M. (CCH) 1012; T.C.M. (RIA) 760231; July 26, 1976, Filed John Frith Stewart,John D. Dale, Jr., and Edward A. Mayer, for the petitioners. *173 Wayne M. Bach, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in petitioners' income tax for the calendar years 1969 and 1970 in the amounts of $749.70 and $845.34, respectively. One of the issues raised by the pleadings in this case having been conceded by petitioners, the only issue remaining for decision is whether the amounts of $2,750 and $3,000 paid by petitioner Sam Ezelle to his former wife during the years 1969 and 1970 pursuant to a divorce decree are deductible by him under section 215, I.R.C. 1954, [1] as periodic payments within the definition of sections 71(a)(1) and (c). FINDINGS OF FACTS Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, resided in Louisville, Kentucky, at the time of the filing of the petition in this case. They filed joint Federal income tax returns for the calendar years 1969 and 1970. Sam Ezelle (hereinafter referred to as petitioner) had prior to the years here in issue been married to Ruby Ezelle. An interlocutory *174 decree of divorce was entered by the Jefferson Circuit Court of Kentucky on October 12, 1967, adjudging Ruby Ezelle to be divorced from petitioner. This decree incorporated an agreement between petitioner and Ruby Ezelle which had been entered into on October 9, 1967. The agreement of October 9, 1967, recited that irreconciliable differences had arisen between the parties and it was their desire to settle their property rights. It then recited in part as follows: 1. That the parties hereto agree that for and in consideration of the wife quit claiming any and all interest which she may have in and to the residence now in the joint names of the parties and located at 2422 Dundee Road, Louisville, Jefferson County, Kentucky, transferring all interest which she may have in the household furnishings and furniture contained in said home, and any and all interest which she may have in and to any and all property now held either solely by the Plaintiff or jointly by the parties and any and all boats and tools, Plaintiff agrees, as settlement in full of all alimony rights, past, present or future, to pay the Defendant the sum of Ten Thousand Dollars ($10,000.00) cash and Two Hundred Fifty *175 Dollars ($250.00) per month from the date of this judgment herein for a period of five (5) years. 2. The Plaintiff agrees to pay the wife's attorneys' fee in the amount of Two Thousand Dollars ($2,000.00), and the Court costs of this action. 3. For and in consideration of the above the Defendant agrees to waive any and all alimony, past, present or future. On December 12, 1967, the final decree of divorce of petitioner and Ruby Ezelle was entered by the Jefferson Circuit Court of Kentucky. There had been no modification of this decree of divorce from the time of its entry to the time of the trial of this case. The equity of petitioner and Ruby Ezelle in the residence which they owned at the time of their divorce and which Ruby Ezelle quitclaimed to petitioner was $21,000. In addition to the equity in the residence petitioner and his former wife owned some furnishings which were in the residence, some tools, a boat on which they had paid between $700 and $800 and on which there was an indebtedness of about $3,000, a life insurance policy with a cash surrender value of approximately $3,800 and a checking account from which current bills were being paid. Petitioner received *176 all this property after the divorce. Petitioners on their Federal income tax return for 1969 deducted the amount of $2,750 as alimony and on their return for the calendar year 1970 deducted the amount of $3,000 as alimony. Respondent in his notice of deficiency disallowed the claimed alimony deduction in each year, explaining that the payments did not meet the requirements of sections 71 and 215. OPINION Section 215 allows a husband to deduct, in computing his taxable income, amounts paid by him during the taxable year which are includable by his former wife in her gross income under the provisions of section 71. Section 71(a) provides that if a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance the wife's gross income includes periodic payments received after such decree in discharge of a legal obligation which because of the marital or family relationship is imposed on or incurred by the husband under the decree. Section 71(c)(1) provides that for the purposes of subsection (a) installment payments discharging part of an obligation the principal sum of which is either in terms of money or property specified in the decree *177 shall not be treated as periodic payments. Respondent's regulation, section 1.71-1(d)(3), Income Tax Regs., [2] provides that where payments under a decree or agreement are to be made over a period of 10 years or less from the date of the decree the payments are not installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree and therefore are to be considered as periodic payments under section 71(a) only if such payments meet the two conditions that (1) they are subject to the contingency of death of either spouse, remarriage of the wife or change in the economic status of either spouse and (2) are in the nature of alimony or an allowance for support. This regulation specifically provides that the payments will meet the requirements of section 71(a) whether the contingencies described are set forth in the terms of the decree or agreement or imposed by local law. *178 Both parties here recognize that the payments provided by the agreement between petitioner and Ruby Ezelle are for a principal sum in terms of money or property since there is a definite amount to be paid for a definite period which may be mathematically computed unless the payments are not to be considered to be of a principal sum but rather to be periodic payments because of meeting the two conditions set out in respondent's regulation. This agreement of the parties is in accordance with the holdings of this Court. George B. Kent, Jr.,61 T.C. 133, 136 (1973), and cases there cited. Petitioner's position is that both the criteria required by respondent's regulation are met. Petitioner contends that even though the statement in the agreement itself was that the payments of $250 a month for 5 years were to be made in consideration of his former wife's quitclaiming to him all her interest in their property, in fact the $10,000 plus the $2,000 he paid for her attorney's fee was at least half the value of the entire estate of the two of them at the time of their divorce, and the $250 monthly payments were made in order that his former wife might complete a Master's *179 Degree in social work and become selfsupporting. He further argues that even though not written into the agreement it was his understanding that the monthly payments were to cease upon either his death or the death of his former wife. On this basis he argues that the $250 monthly payments are deductible as alimony payments. Petitioner further argues that under Kentucky law alimony payments cease upon the death of either the husband or wife. Respondent's first contention is that the $250 monthly payments here involved are not in the nature of alimony but are in fact part of a property settlement agreement and therefore under his regulation are not deductible by petitioner. Respondent argues that even if these payments were to be considered as being in the nature of alimony or an allowance for support they are not deductible since under Kentucky law the payments would not cease on the death of either spouse, remarriage of the wife or change in the economic status of either spouse. We agree with respondent that the agreement between petitioner and his former wife provided for a release of all her interest in their property for the lump sum payment of $10,000 plus the $250 monthly *180 payments. However, in the agreement petitioner's former wife also releases all rights to alimony. Therefore, if the other requirement of the regulation as to when installment payments over a period of less than 10 years will be considered periodic payments were met it would be necessary for us to consider whether the $10,000 lump sum payment was in fact sufficient payment for petitioner's former wife's release of her property rights so that the $250 monthly payments might be considered to be in the nature of alimony or support payments. The record here is not clear as to the total value of the property held by petitioner and his former wife at the time of their divorce and therefore a determination of whether the $10,000 was the only payment for release of her rights in their property would be difficult from this record. [3] However, since we conclude that under Kentucky law there was no contingency as to payments of the $250 a month for 5 years it is unnecessary to determine whether these payments were in the nature of alimony or support for petitioner's former wife. Petitioner testified that he thought the payments would stop upon the death or remarriage of his former wife. However, *181 no such provision was contained in the agreement and under Kentucky law absent such a provision the contract is absolute and subject to no contingency. Richey v. Richey,389 S.W. 2d 914 (Ky. Ct. App. 1965); Young v. Young,479 S.W. 2d 20 (Ky. Ct. App. 1972). In Richey v. Richey,supra, the court stated that a judgment incorporating an agreement specifying periodic payments of alimony may or may not be subject to modification by the court depending upon the nature of the agreement involved. The court then stated, at 917, 918: If the agreement constitutes a property settlement agreement as such, that is, is meant as a final settlement of the property rights and claims of the parties, or if it combines the elements of both alimony and property settlement without separating the amounts for each, the court is without authority to vacate such agreement and disturb the property rights thereby gained. * * * In Gann v. Gann,347 S.W. 2d 540, 542 (Ky. Ct. App. 1961), the court pointed out that the power of the court to modify alimony allowances to a divorced wife is continuous "unless the allowance is in gross or is *182 based on an agreement and no express reservation was retained." In Jones v. Jones,288 S.W. 737 (Ky. Ct. App. 1926), the court held that under Kentucky law lump sum alimony even though paid in installments did not cease upon a wife's remarriage. In Turner v. Ewald,162 S.W. 2d 181 (Ky. Ct. App. 1942), in discussing whether monthly payments from a trust assigned by a husband to his former wife terminated upon her remarriage the court concluded that payments did not terminate since the agreement was in settlement of the parties' property rights and was in effect an allowance in gross. The court stated that the question was whether the award was in the nature of a lump sum settlement and a finality or was merely an allowance of alimony for the maintenance and support of the wife which could be modified later by the court because of change in conditions. In concluding that the award was in the nature of a lump sum settlement and therefore the payments should continue after the wife's remarriage and were not subject to change by the court because of her remarriage the court stated (at 187): Mr. Ewald was a man of great wealth, with an income of more *183 than $50,000 annually, and it is unlikely that Mrs. Ewald would have surrendered her rights in consideration of a periodical allowance, though substantial, which might be terminated at any time by the death of either. * * * In our view the inference here is that where the agreement of the parties provides for alimony in gross the payment is subject to no contingency. In the case of Jones v. Jones,supra, the court pointed out that where a wife was granted lump sum alimony she relinquished her right to an increased amount should her former husband's financial circumstances change for the better and the assurance of payment for her lifetime or until her remarriage, and therefore alimony in gross, even though paid in installments, was not subject to change upon the wife's remarriage. *184 Petitioner, relying on Whitlow v. Whitlow,267 S.W. 2d 739 (Ky. Ct. App. 1954), argues that where nothing to the contrary is said in a divorce decree alimony payments cease at the death of the exhusband. However, that case was not directed to payments for a definite period of time which, under Kentucky law, are considered as lump sum payments. See Turner v. Ewald,supra.We conclude that the $250 a month payments provided for in the contract here involved were not subject to any of the contingencies of death of either spouse, remarriage of the wife or change in the economic status of either spouse under either the decree or Kentucky law and therefore were not periodic payments within the meaning of section 71. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. Sec. 1.71-1(d)(3), Income Tax Regs., provides as follows: (3)(i) Where payments under a decree, instrument, or agreement are to be paid over a period ending 10 years or less from the date of such decree, instrument, or agreement, such payments are not installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree, instrument, or agreement (and are considered periodic payments for the purposes of section 71(a)) only if such payments meet the following two conditions: (a) Such payments are subject to any one or more of the contingencies of death of either spouse, remarriage of the wife, or change in the economic status of either spouse, and (b) Such payments are in the nature of alimony or an allowance for support. (ii) Payments meeting the requirements of subdivision (i) are considered periodic payments for the purposes of section 71(a) regardless of whether-- (a) The contingencies described in subdivision (i)(a) of this subparagraph are set forth in the terms of the decree, instrument, or agreement, or are imposed by local law, or (b) The aggregate amount of the payments to be made in the absence of the occurrence of the contingencies described in subdivision (i)(a) of this subparagraph is explicitly stated in the decree, instrument, or agreement or may be calculated from the face of the decree, instrument, or agreement, or (c) The total amount which will be paid may be calculated actuarially.↩
3. Under the provision of sec. 453.120, Kentucky Revised Statute, a husband is required to pay the attorney fee of his wife in a divorce proceeding unless the wife is at fault and even then is required to pay the fee where she has no estate independent of what she receives in the divorce proceeding adequate to make the payment. Patterson v. Patterson,323 S.W. 2d 862↩ (Ky. Ct. App. 1959). We do not therefore consider the $2,000 payment to the attorney of petitioner's former wife as part of what she received in the property settlement as petitioner argues we should.