**Virginia CLARK, Appellant,**

v.

**Graydon CLARK, Jr., Deceased and Jane C. Clark, Administratrix of the Estate of Graydon Clark, Jr., Deceased, Appellees.**

Court of Appeals of Kentucky.

June 27, 1980.

C. Gibson Downing, Jr., Susan L. Coleman, Stoll, Kennon & Park, Lexington, for appellant.

R. J. Turley, Turley, Savage & Moore, Lexington, for appellees.

Before HAYES, C. J., and WHITE and WINTERSHEIMER, JJ.

HAYES, Chief Judge.

This is an appeal from a final order of the Fayette Circuit Court overruling Virginia Clark's motion for an order reviving a divorce proceeding and substituting Jane C. Clark, the administratrix of the estate of Graydon Clark, Jr., for Graydon Clark, the petitioner in the original proceedings.

The Clarks' marriage was dissolved by a decree entered July 28, 1975. The decree contained, among other provisions the following concerning maintenance:

> The Court having found, pursuant to the provisions of KRS 403.200 that the Respondent lacks sufficient property, including the marital property herein apportioned to her, to provide for her reasonable needs, and that said Respondent, Virginia Clark, is unable to support herself through appropriate employment according to the standard of living established by the parties during the marriage, it is hereby ORDERED that the Petitioner, Graydon Clark, Jr., shall, beginning on the 1st day of July, 1975, pay to the Respondent, Virginia Clark, maintenance for herself, payable in monthly installments of periodic maintenance in the sum of One Hundred Seventy-Five ($175.00)

Dollars, per month through and including December 15, 1989, the amount, if any, for periodic maintenance after said date to be then determined by the Court in light of circumstances then existing and subject to such further orders of the Court as the law requires. All obligations of the Petitioner to pay periodic maintenance shall cease, in any event, upon the Respondent's death or remarriage.

Pursuant to the decree, Virginia received maintenance payments until Graydon's death on January 31, 1979. Virginia timely moved the Fayette Circuit Court to revive the divorce action, substituting the administratrix for Graydon, and further moved that the maintenance payments to her be continued with past due payments also being paid out of the estate. The circuit court determined that the divorce decree did not contain an express provision that maintenance was to continue beyond Graydon's death as was required by KRS 403.250(2) and entered its final order accordingly.

Prior to the enactment of KRS 403.250 in 1972, termination of maintenance payments upon the death of the obligor was governed by case law. In *Wides v. Wides*, 300 Ky. 344, 188 S.W.2d 471 (1945) the court held 188 S.W.2d at 473 that maintenance payments provided in a judgment which stated that alimony would be paid monthly "during the lifetime of the said Leah O. Wides or as long as she remains unmarried," did not terminate upon the death of the obligor. The *Wides* court held that there was no ambiguity concerning the termination of the obligation to pay maintenance as the judgment clearly stated that such obligation would terminate upon Leah Wides' death or remarriage. In deciding domestic relations cases under the law as it stood prior to the 1972 legislative changes Kentucky courts continued to hold that where an agreement or decree evidenced an intent, express or implied, that alimony payments were not to end with the death of the obligor, then they would not so end. *See Shepherd v. Shepherd*, Ky., 521 S.W.2d 74 (1975).

With 1972 came the enactment of KRS 403.250 which reads, in part, as follows:

(2) Unless otherwise agreed in writing or expressly provided in the decree, the obligation to pay future maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance.

Virginia argues that the legislature did not intend to overrule pre–1972 case law when it enacted KRS 403.250 which she urges embraces the rule stated in *Wides* and its progeny that the obligation to pay maintenance is terminated automatically by the obligor's death, only when a decree is silent as to the duration of maintenance payments. Thus, according to Virginia, if a decree were to provide that maintenance would end upon her death, this would be an express provision as required by KRS 403.-250 and the occurrence of no other contingency stated therein would operate to terminate the obligation. Virginia contends that the application of various rules of statutory construction would lead to this interpretation. However, it must be determined first if the statute is to some extent ambiguous in order to apply such rules. *Reynolds Metal Co. v. Glass*, 302 Ky. 622, 195 S.W.2d 280 (1946).

The language of KRS 403.250 is clear and unambiguous. The death of the obligor is a statutory contingency the occurrence of which terminates the obligation to pay future maintenance unless the decree expressly provides that the occurrence of said contingency does not terminate the obligation. When no ambiguity exists a statute is to be interpreted according to the intent of the authors which intent is gleaned from what the authors actually said, not what they may have intended to but did not say. *Reynolds Metal Co. v. Glass, Id.* Virginia would have us write a new statute stating that the obligation to pay maintenance terminates upon the death of the obligor if and only if there is no provision in the decree concerning the duration of maintenance. This is not, however, what the plain language of the statute says. We will not strain to find an ambiguity

where none exists in order to redraft a statute to conform to what might have been the intent of the legislature.

KRS 403.250(2) is identical to § 316(b) of the Uniform Marriage and Divorce Act, 9A U.L.A. § 316. The Commissioners' note to § 316 states at 184:

> Subsection (b) authorizes the parties to agree in writing or the court to provide in the decree that maintenance will continue beyond the death of the obligor or the remarriage of the obligee. In the absences of such an agreement or provision in the decree, this section sets the termination date for the obligation to pay future maintenance.

The commentary states that the court is authorized to provide for maintenance to continue beyond the obligor's death and in the absence of such a provision the obligation terminates pursuant to the statute. The reference to "such a provision" obviously means a provision to continue maintenance beyond the death of the obligor or remarriage of the obligee. The commentary does not state, as Virginia would like, that a provision stating the duration of the obligation is sufficient.

An examination of the case law of other jurisdictions, revealed the case of *In re Estate of Estelle*, 122 Ariz. 109, 593 P.2d 663 (1979). The Supreme Court of Arizona in interpreting a termination statute which is identical to the Kentucky statute held that the maintenance obligation terminated upon the death of the obligor when the property settlement agreement incorporated in the divorce decree did not provide, except by possible implication, for maintenance after the death of the obligor. The court held 593 P.2d at 667:

> Plainly the decree which superseded the agreement did not expressly provide for spousal maintenance after John Estelle's death. "Expressly" means in direct or unmistakable terms. . . . The word "expressly" is customarily defined as . . . " 'directly and distinctly stated; expressed, not merely implied or left to inference.' " (Citations omitted).

This is, we believe, the only reasonable interpretation of KRS 403.250(2) regarding termination of the obligation upon the death of the obligor.

The decree in question did not state that maintenance payments were to continue beyond Graydon's death. Such a provision would not have been difficult to draft. The court could have merely recited the contingencies provided by KRS 403.250(2) and stated that the occurrence of any one or more of the contingencies did not operate to terminate the obligation. The circuit court was correct in its determination in this case, that maintenance payments could not be continued on the basis of a mere inference.

In passing we would note that the arguments which Virginia raised in her reply brief were not raised at the circuit court level or in her initial brief. Therefore we will not discuss those points as they were not properly preserved for appellate review.

The judgment of the circuit court is affirmed.

All concur.