Edmond A. KARAM and Grace Karam, Appellants,

v.

COMMONWEALTH of Kentucky, County of Fayette by and on relation of Ronald G. Geary, Secretary of Revenue and Lexington-Fayette Urban County Government, Appellees.

Court of Appeals of Kentucky.

Oct. 5, 1984.

Frank H. Schultz, Vimont & Wills, Lexington, for appellants.

Terry Sellars, Suzanne Shively Havens, John G. McNeill, Lexington, for appellee, Lexington-Fayette Urban County Government.

E. Lawson King, Fayette County Atty., Joseph B. Murphy, Asst. Fayette County Atty., Lexington, for appellee, Com. of Kentucky, County of Fayette by and on relation of Ronald G. Geary, Secretary of Revenue.

Before HAYES, C.J., and WHITE and COMBS, JJ.

COMBS, Judge.

Appellants own twelve parcels of land in Fayette County on which they failed to pay ad valorem taxes for the years 1974 through 1981. In 1982, the Fayette County Attorney filed a complaint for the Commonwealth and Fayette County seeking to enforce tax liens placed on the properties. The Fayette Circuit Court granted the government's motion for summary judgment.

Appellants argue on appeal that their motion to dismiss or their motion for summary judgment should have been sustained. They argue that the government failed to obtain authorization from the Commissioner of Revenue before filing the complaint; that the sale of the tax claims and the certificate of delinquency were fatally defective; that the Fayette County School Board was an indispensable party; that the government was awarded a distraining fee for which it was not entitled; and that appellants were denied equal protection.

In response, the government admits the violations of the revenue statutes, but urges that it be excused. It contends that it committed minor deviations, but that the appellants were not harmed or prejudiced.

■ It is the duty of all property owners to pay ad valorem tax as required by law. It is also the duty of the Sheriff, County Attorney and other officials to collect ad valorem tax as required by law. The General Assembly purposefully requires officials to take action in the manner as required by the revenue statutes. It was the sworn duty of those officials to perform these acts, a duty they have ignored. In asking us to ignore their violation and affirm this judgment, they ask us to ignore our oath and our duty. We will not.

KRS 134.500(4) provides as follows:

Any action on behalf of the state, county and taxing districts authorized by this section or by KRS 134.470, 134.490 or 134.540 must be filed on relation of the commissioner of revenue, and the petition shall be sent to the department, which may require revision thereof in instances where it deems revision or amendment necessary.

■ It is undisputed that the petition was not sent to the commissioner until the motions for summary judgment were pending. Appellants argue that the commissioner is not allowed to effectively review a complaint under KRS 134.500 when an action has proceeded to this stage. We agree and reverse and remand with directions to dismiss the complaint without prejudice. We will not discuss the other issues raised by the appellants, but we remind the parties and the trial court that revenue statutes are to be strictly construed.

The other appellee, Fayette Urban County Government, was made a party to this action because it had a lien on one parcel. The improvements on this parcel had been declared a nuisance and were destroyed by the Urban County Government. It asserted a lien against the property for the cost of the destruction.

■ The ordinance under which the improvements were destroyed requires service on the owners such as required by CR 4.04. It is admitted that Mrs. Karam was served and that Mr. Karam had actual knowledge of the Urban County Government's action. The Urban County Government acted in good faith because the return on the service indicated both were served. For these reasons, we affirm the judgment on the cross-claim of the Urban County Government.

The parts of the Fayette Circuit Court judgment on the claim of the Commonwealth and Fayette County for ad valorem taxes is reversed and remanded with directions to dismiss the complaint, and the parts of the judgment relating to the cross-claim of the Urban County Government is affirmed.

All concur.