COMMONWEALTH of Kentucky, COUNTY of FAYETTE, By and On Relation of Ronald G. GEARY, Secretary of Revenue, Appellant,

v.

KENTUCKY CENTRAL LIFE INSURANCE COMPANY, Appellee.

COMMONWEALTH of Kentucky, COUNTY of FAYETTE, By and On Relation of Ronald G. GEARY, Secretary of Revenue, Appellant,

v.

James LOWDERMILK, Trustee; Kentucky Central Life Insurance Company; Lexington–Fayette Urban County Government; Don S. Pearce and Judith G. Pearce, His Wife, Appellees.

Nos. 86–CA–2221–MR, 86–CA–2215–MR.

Court of Appeals of Kentucky.

Dec. 30, 1987.

Norrie Wake, Fayette Co. Atty., Joseph R. Wheat, David Vest and Florence S. Huffman, Asst. Co. Attys., Lexington, for appellant.

Charles E. Ward, Fleming, Horstmeyer and Fleming, Lexington, for Lowdermilk.

Earl S. Wilson, Jr., Kincaid, Wilson, Schaeffer & Hembree, PSC, Lexington, for Kentucky Central Life Ins.

Edward W. Gardner, Lexington–Fayette Urban Co. Govt., Dept. of Law, Lexington, for Lexington–Fayette Urban County Government.

Before CLAYTON, COOPER and LESTER, JJ.

COOPER, Judge.

The appellant, the Commonwealth of Kentucky, County of Fayette, by and on Relation of Ronald G. Geary, Secretary of Revenue, appeals from orders of the trial court entered August 18 and 19, 1986 denying its motion to amend its complaint and granting the appellees' motions to dismiss the complaints in these consolidated appeals.

At issue are: the interpretation of KRS 134.500(4), whether the case of *Karam v. Commonwealth*, Ky.App., 676 S.W.2d 807 (1984) should be overruled, and whether the trial court abused its discretion in overruling appellant's motion to amend its com-

plaint. Reviewing the record and applicable law, we affirm.

■ This action originated in an attempt by the Fayette County Attorney's office to collect delinquent taxes for the tax year 1974. Certificates of delinquency were issued April 30, 1975 and suit was instituted by the filing of complaints by the Fayette County Attorney's office on November 24, 1982 in the case of Lowdermilk *et. al,* and on February 2, 1983 in the case of Kentucky Central Life Insurance Company.

The applicable statute states in pertinent part:

> (4) Any action on behalf of the state, county and taxing districts authorized by this section ... must be filed on relation of the secretary of revenue, and the *petition shall be sent to the cabinet,* which may require revision thereof in instances where it deems revision or amendment necessary.

KRS 134.500. (Emphasis added.) A failure to submit such a petition to the Revenue Cabinet for approval prior to the filing of the complaint resulted in a dismissal without prejudice of a complaint in just such a case as those presented in this appeal. *Karam, supra* at 808. The court in *Karam* cautioned that revenue statutes are to be strictly construed. The appellant urges that the directive in the statute that "the petition shall be sent to the cabinet" is not mandatory but merely advisory. We cannot agree. The best indication of what the legislature intended is what it said in the statute, and not some perceived connotation the Revenue Cabinet would have us adopt. *Clark v. Clark,* Ky.App., 601 S.W. 2d 614 (1980). Similarly, we decline to disturb *Karam, supra.*

Concerning the trial court's denial of appellant's motion to amend its complaint so as to comply with the technical requirement of KRS 134.500, we are cognizant of the wide discretion vested in the trial court in these matters. Unless there has been a clear abuse of that discretion, we cannot reverse on that matter. CR 15.01; *Medical Protective Co. of Fort Wayne v. Davis,* Ky.App., 581 S.W.2d 25 (1979). We do not find such abuse herein.

■ The appellant asserts that the trial court erred in dismissing the cases when affidavits showed that the Revenue Cabinet had approved the *form* and *content* of the petitions prior to suit being filed. Appellant appears to be arguing that a form petition was approved by the Revenue Cabinet in the fall of 1982 and that all petitions filed in these cases conformed substantially to the form submitted; therefore the petitions in question here were de facto approved. This does not comply with the directives of the statute. Moreover, the affidavits offered by appellant merely serve to show that if the Revenue Cabinet received any such petitions, it did so only *after* suits were already filed. Appellant also admitted in the record that despite a detailed search of records, no specific letters were found by appellant confirming filing of the petitions with the Revenue Cabinet and its subsequent approval.

Based on all the above, the trial court dismissed the complaints. The trial court based its decision on appellant's failure to prove compliance with KRS 134.500(4) and the principles of *Karam, supra.* The trial court considered the entire record in coming to its decision. As such, the motion to dismiss was treated as a motion for summary judgment. *See Bowlin v. Thomas,* Ky.App., 548 S.W.2d 515 (1977). The questions for this Court then are: (1) whether there are genuine issues of material fact to be decided and (2) whether appellees were entitled to judgment as a matter of law. *Sexton v. Taylor County,* Ky.App., 692 S.W.2d 808 (1985); *cf. Bell v. Courier-Journal and Louisville Times Company,* Ky., 402 S.W.2d 84 (1966); CR 56.03; CR 12.02. Given the facts in the record and the *Karam* decision, dismissal was entirely proper. The orders of the trial court are affirmed.

CLAYTON, J., concurs.

LESTER, Judge, dissenting.

I am fully aware of the mandatory requirement of KRS 134.500(4), as interpreted by *Karam, supra,* mandating that a copy of any action seeking to collect ad

valorem taxes be first submitted to the State Revenue Cabinet for review, revision or amendment—or, in other words, approval. At oral argument it was developed that, absent a specific request, the state agency has consistently failed either to acknowledge receipt of such transmissions or return any notification of approval of the complaint(s). Accordingly, until such time as the Revenue Cabinet imposes upon itself the obligation to promptly respond to those attempting to comply with the statute, then I am unable to vote to sustain a dismissal under circumstances involved herein.