PER CURIAM.
Appellant appeals the trial court’s Order Denying Petition to Register and Enforce Foreign Decree. In her Petition, Appellant seeks to enforce a property settlement agreement incorporated into the divorce decree between Appellant and Ap-pellee/Decedent pursuant to the Uniform Interstate Family Support Act (“UIFSA”), codified in Chapter 88, Florida Statutes. We affirm the trial court’s finding that the property settlement agreement is enforceable in Florida. We also affirm the trial court’s finding that pursuant to section 88.6041, Florida Statutes, Kentucky law controls whether Appellee/Decedent’s maintenance obligation survives his death. However, we reverse, holding that the trial court misapplied Kentucky law.
The trial court erroneously found that the two cases providing precedent in Kentucky on this issue were inconsistent. We find John v. John, 893 S.W.2d 373 (Ky.App.1995), and Clark v. Clark, 601 S.W.2d 614 (Ky.App.1980), are distinguishable, but not conflicting. As in John, the property settlement agreement in this case was an agreed-to contract between the *187 parties, and was not required to expressly address the termination of maintenance payments upon the obligor’s death pursuant to KRS 403.250(3). Further, the parties included in their agreement that it “shall be binding on their successors, heirs and assigns.” Therefore, we hold that the obligation contained in the agreement survives Appellee/Decedent’s death.
REVERSED and REMANDED for further proceedings in accordance with section 88.6071(3), Florida Statutes (2000).
BOOTH, WEBSTER and PADOVANO, JJ., concur.